**James E. SCHNELL, Appellant–Plaintiff,**

v.

**Phillip H. HAYES, Appellee–Defendant.**

No. 19A01–9801–CV–30.

Court of Appeals of Indiana.

May 11, 1999.

Rehearing Denied July 1, 1999.

James E. Schnell, Pro Se.

Theodore Lockyear and James A. Kornblum, Lockyear & Kornblum, Evansville, for Appellee.

## OPINION

BAKER, Judge

Appellant-plaintiff James E. Schnell appeals the grant of summary judgment in favor of appellee-defendant Phillip H. Hayes (Hayes), claiming that the trial court erred in determining that his complaint against Hayes for legal malpractice was barred by the two-year statute of limitations. Schnell also asserts that the trial court abused its discretion when it refused to appoint pauper counsel to assist him after he had filed his pro se complaint against Hayes.

## FACTS

On May 29, 1991, Schnell was indicted by a federal grand jury, alleging that he had committed the offenses of attempted tax evasion, possession of firearms, and the possession of firearms by a convicted felon. Thereafter, the trial judge appointed attorney Robert Tornatta to represent Schnell with respect to those charges.

On November 13, 1991, Schnell filed a petition to enter a guilty plea to Count II of the indictment as a felon in possession of firearms. The trial court accepted the plea, found Schnell guilty and set the matter for sentencing. Tornatta then withdrew from the case, and on December 5, 1991, the trial court appointed Hayes as Schnell's counsel. On April 2, 1992, the trial court conducted the sentencing hearing upon Schnell's guilty plea. At the hearing, the prosecutor requested an enhancement of Schnell's sentence for obstruction of justice and possession of a firearm with an obscured or obliterated serial number. The trial court ultimately ruled against the government on the obstruction of justice enhancement request, but enhanced the sentence because the serial number had been obliterated. The trial court then sentenced Schnell to a one-year term of imprisonment which was enhanced by three years of supervised probation.

Hayes then represented Schnell in an appeal of the sentence to the United States Court of Appeals for the Seventh Circuit (Seventh Circuit). In connection with the appeal, Schnell filed a pro se "Motion Requesting Appointment of Effective Counsel" on July 7, 1992, which the Seventh Circuit denied on July 27, 1992. Following oral argument on December 21, 1992, the Seventh Circuit entered judgment affirming Schnell's sentence and noted that the question Schnell raised was one of first impression in that circuit.[1]

Thereafter, on March 31, 1995, Schnell filed a pro se complaint against Hayes alleging legal malpractice. R. at 169. Specifically, he contended that Hayes was "grossly negligent" when he had refused to return the case file to Schnell upon request and failed to fully research the law applicable to his argument on appeal. R. at 169–73. Schnell also made several requests for the trial court to appoint counsel at public expense to assist him in the prosecution of his case against Hayes. Following an evidentiary hearing conducted on June 25, 1996,[2] the trial court

---

1. Specifically, Schnell argued that his substantive due process rights were violated because the element of "scienter" was absent in the sentencing enhancement for possession of a firearm with an obliterated serial number. Supplemental Record at 66.

2. Schnell did not include a transcript of the hearing in the record.

denied Schnell's requests for appointment of counsel. In response, Hayes filed a motion to dismiss and for summary judgment on March 7, 1996, alleging that Schnell's complaint was barred by the two-year statute of limitations. Hayes argued, *inter alia,* that the complaint was time-barred because it was filed more than two years after Hayes' representation of Schnell had ceased. R. at 16. Following a hearing on Hayes' motion, the trial court granted summary judgment in his favor and against Schnell on November 10, 1997. Schnell now appeals.

## DISCUSSION AND DECISION

### I. Standard Of Review

When reviewing the grant of a motion for summary judgment, we apply the same standard as the trial court. *Henshilwood v. Hendricks County,* 653 N.E.2d 1062, 1065 (Ind. Ct.App.1995), *trans. denied.* We resolve any doubt as to any fact, or inference to be drawn therefrom, in favor of the non-moving party. *Id.* Summary judgment should be granted only when the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C).

▮ A statute of limitations defense may properly be raised in a motion for summary judgment. *Honeywell, Inc. v. Wilson,* 500 N.E.2d 1251, 1252 (Ind.Ct.App.1986), *trans. denied.* When the moving party asserts and presumptively establishes this defense by placing the relevant designated evidence before the trial court showing there is no question that the action was untimely filed, the burden of establishing the existence of material facts in avoidance of the statute of limitations defense shifts to the opponent of the motion for summary judgment. *Mack v. American Fletcher Nat'l Bank & Trust Co.,* 510 N.E.2d 725, 733 (Ind.Ct.App.1987), *trans. denied.* When the undisputed facts demonstrate that the complaint was filed after the running of the applicable statute of limitations, the trial court must enter judgment for the defendant. *INB Nat'l Bank v. Moran Elec. Serv., Inc.,* 608 N.E.2d 702, 709 (Ind.Ct. App.1993), *trans. denied.*

### II. Schnell's Malpractice Claim

Schnell first contends that the trial court erred in granting Hayes' motion for summary judgment. Specifically, he contends that the trial court erroneously determined that his cause of action for legal malpractice was time-barred because the designated evidence failed to show that the claim could have been ascertained prior to the expiration of the statute of limitations.

▮ To resolve this issue, we initially observe that in accordance with our statute of limitations, IND. CODE § 34-1-2-2, an action for injuries to persons or character must be commenced within two years of the accrual of the action. This court has held that the statute applies to legal malpractice claims. *Lambert v. Stark,* 484 N.E.2d 630, 632 (Ind.Ct.App.1985), *trans. denied.* Further, legal malpractice actions are subject to the discovery rule which provides that the statute of limitations does not begin to run until such time as the plaintiff knows, or in the exercise of ordinary diligence could have discovered, that he had sustained an injury as the result of the tortious act of another. *Madlem v. Arko,* 592 N.E.2d 686, 687 (Ind. 1992); *Silvers v. Brodeur,* 682 N.E.2d 811, 813 (Ind.Ct.App.1997), *trans. denied.* For a cause of action to accrue, it is not necessary that the full extent of damage be known or even ascertainable, but only that some ascertainable damage has occurred. *Silvers,* 682 N.E.2d at 813.

▮ In the instant case, the record reveals that Schnell was sentenced in accordance with his guilty plea on April 2, 1992. He initially filed a motion requesting the appointment of effective counsel on July 7, 1992 and continued to submit a flurry of pro se requests for substitute counsel after that date. Although Schnell has failed to include those motions in the record, we may presume that the content of those motions asserted that Hayes had not effectively represented Schnell's interests during the course of the proceedings.

We also note that notwithstanding Schnell's pro se requests for substitute counsel, the Seventh Circuit handed down its

opinion affirming Schnell's sentence on December 21, 1992. Moreover, the record reflects that the opinion was transmitted to Schnell on January 8, 1993. R. at 43. As noted in the *FACTS*, Schnell did not file the complaint for legal malpractice until March 31, 1995, over two years following the date of sentencing and his initial request for appointment of substitute counsel. Under these circumstances, it is apparent that Schnell "discovered" or "ascertained" his alleged cause of action against Hayes for legal malpractice long before the two-year statute of limitations had expired. As a result, Schnell's failure to file his action within the two-year period of discovering his purported injury barred his complaint against Hayes. *See Diaz v. Carpenter,* 650 N.E.2d 688, 691 (Ind. Ct.App.1995) (summary judgment affirmed for defense counsel when plaintiff, a former client, filed complaint for legal malpractice more than two years following the discovery of his purported claim). Thus, the trial court properly granted summary judgment for Hayes.

### III. Refusal to Appoint Pauper Counsel

Schnell next claims that the trial court abused its discretion in refusing to appoint pauper counsel to assist him in his cause of action against Hayes. Specifically, he asserts that the trial court was obligated to appoint counsel because the evidence established that he was indigent.

In support of his claim, Schnell points to the indigency statute, IND. CODE § 34-1-1-3, which provides as follows:

> Any poor person not having sufficient means to prosecute or defend an action may apply to the court in which the action is intended to be brought, or is pending, for leave to prosecute or defend as a poor person. The court, if satisfied that such person has not sufficient means to prosecute or defend the action, shall admit the applicant to prosecute or defend as a poor person, and shall assign him an attorney to defend or prosecute the cause, and all other officers requisite for the prosecution or defense, who shall do their duty therein without taking any fee or reward therefor from such poor person.[3]

 In construing this statute, this court has determined that "the litigant must request appointment of counsel based on his or her economic status." *E.P. v. Marion County Office Of Family and Children,* 653 N.E.2d 1026, 1034 (Ind.Ct.App.1995). Indigency determinations present a subject for the sound discretion of the trial court, and a very clear case of abuse must be shown before this discretionary power can be interfered with. *Campbell v. Criterion Group,* 605 N.E.2d 150, 159 (Ind.1992). Additionally, our supreme court has determined that an applicant requesting court-appointed counsel need only establish indigency and is not required to make a showing as to the objective merit or the lack of frivolousness of the cause to be eligible for the appointment of counsel. *Id.*

In the instant case, Schnell requested court-appointed counsel after filing his complaint against Hayes. Following an indigency hearing, the trial court denied Schnell's request. While Schnell argues an abuse of discretion with respect to the indigency determination, we need not review the trial court's decision to deny his request for counsel on that basis. Ever mindful that an applicant seeking indigency status under the statute need not demonstrate a probability or likelihood of success on the merits of the claim, *see id.,* the record here demonstrates that Schnell's claim against Hayes was barred by the statute of limitations as a matter of law. As discussed above, Schnell discovered or ascertained his purported cause of action long before the statute of limitations had expired. Because the designated evidence established that Schnell's action could not proceed as a matter of law, there was *no* possibility that Schnell could have succeeded on his claim. As a result, the trial court did not err in denying Schnell's request for court-appointed counsel.

Judgment affirmed.

RUCKER, J., and BROOK, J., concur.

---

3. This statute has been amended and recodified at IND. CODE § 34-10-1-1 and -2.