**IRWIN MORTGAGE CORPORATION,**
f/k/a Inland Mortgage Corporation,
Appellant–Plaintiff,

v.

**MARION COUNTY TREASURER,** Marion County Auditor, PTABOA f/k/a Marion County Board of Review, Appellees–Defendants.

No. 49A04–0310–CV–536.

Court of Appeals of Indiana.

Oct. 18, 2004.

Dale W. Eikenberry, Maureen E. Ward, Wooden & McLaughlin, LLP, Indianapolis, IN, Attorneys for Appellant.

Anthony Overholt, Shelese Woods, Indianapolis, IN, Attorneys for Appellees.

## OPINION

FRIEDLANDER, Judge.

Irwin Mortgage Corporation, f/k/a Inland Mortgage Corporation (Irwin), ap-

peals the trial court's dismissal of its complaint against the Marion County Treasurer, the Marion County Auditor, and the Property Tax Assessment Board of Appeals (PTABOA) f/k/a Marion County Board of Review (collectively, Marion County). Irwin presents several issues for review that we consolidate, and restate as:

1. Does the two-year statute of limitations of Ind.Code Ann. § 34–11–2–4 bar Irwin's federal constitutional claims pursuant to 42 U.S.C. § 1983 (West 1998) and Irwin's state constitutional claims?

2. Do the notice requirements of the Indiana Tort Claims Act bar Irwin's state constitutional claims?

3. Do the notice requirements of the Indiana Tort Claims Act bar Irwin's federal constitutional claims pursuant to 42 U.S.C. § 1983?

We affirm in part, reverse in part, and remand.[1]

Irwin is a mortgage company that escrows its customers' funds for property tax payments. Irwin owed the Marion County Treasurer (Treasurer) a property tax installment payment on May 12, 1997. Irwin prepared the checks and bundled the necessary information for delivery to the Treasurer on May 12, 1997; however, it did not timely deliver the payment because the employee responsible for making the payment was not at work on May 12.

On May 13, 1997, Irwin hand-delivered the tax payment to the Treasurer and was advised that the tax payment was delin-quent. As a result, pursuant to Ind.Code Ann. § 6–1.1–37–10(a) (West, PREMISE through 2003 1st Regular Sess.),[2] the Treasurer imposed a penalty equal to ten percent of the amount of the delinquent tax payment. At the time, it was not possible to determine the exact amount of the penalty due because such a determination required the posting and crediting of other tax payments. On July 8, 1997, the Treasurer determined the penalty amount to be $334,150.66, Irwin paid the penalty July 14, 1997, and the Treasurer showed receipt of payment as July 18, 1997.

On January 5, 1998, Irwin filed a claim with the Marion County Auditor (Auditor), seeking a refund of the penalty. In its claim, Irwin asserted that I.C. § 6–1.1–37–10(a) violated Article 1, § 16 of the Indiana Constitution and the Eighth Amendment of the United States Constitution. In particular, Irwin claimed the penalty was excessive and disproportionate to the nature of the offense, was applied in a disproportionate manner among delinquent taxpayers, and improperly distinguished taxpayers by the method the taxpayer used to deliver tax payments. Irwin's federal claims that the penalty was excessive were raised pursuant to 42 U.S.C. § 1983. The Auditor denied Irwin's claims on January 23, 1998, and Irwin appealed to the Indiana Board of Tax Review (State Board), which conducted a hearing on November 16, 1999. On January 28, 2002, the State Board issued a final determination finding it did not have the authority to decide the issues in Irwin's appeal.[3] Irwin

1. We commend counsel for both parties on their excellent briefs in this matter.

2. The statute states, in relevant part:

   (a) If an installment on property taxes is not completely paid on or before the due date, a penalty equal to ten percent (10%) of the amount of delinquent taxes shall be added to the unpaid portion in the year of the initial delinquency.

3. In its Findings of Fact and Conclusions of Law, the State Board held that the statute providing for review of the Auditor's denial of Irwin's refund claim:

   [G]ranted the State Board power to review only appeals concerning matters enumerat-

appealed the State Board's determination to the Indiana Tax Court (Tax Court), which dismissed Irwin's appeal on September 30, 2002, finding that the State Board "did not have authority to decide anything regarding the appropriateness of a penalty for late payment of taxes and consequently neither does this Court." *Appellant's Appendix* at 57. Irwin filed a Petition for Review with our supreme court on October 29, 2002, which was denied January 22, 2003.

Thereafter, Irwin filed a complaint in a Marion County court of general jurisdiction on March 20, 2003, against the State Board, the Treasurer, the Auditor, the PTABOA, and the Washington Township Assessor (Assessor). In its complaint, Irwin alleged the same constitutional infirmities with I.C. § 6–1.1–37–10(a) that it had previously asserted in its refund claim filed with the Auditor. On June 6, 2003, the Treasurer, the Auditor, the PTABOA, and the Assessor collectively moved to dismiss Irwin's Complaint asserting that Irwin's claims: (1) were barred by Irwin's failure to file notice under the Indiana Tort Claims Act (ITCA); (2) were time-barred due to the applicable statute of limitations; and (3) contained no allegations against the Assessor. The State Board filed a separate motion to dismiss on June 12, 2003, asserting identical ITCA and statute of limitations grounds, as well as claiming that the State Board "had no authority to apply, implement, enforce, or otherwise consider the provisions set forth at Ind. Code § 6–1.1–37–10." *Appellant's Appendix* at 37. The trial court dismissed Irwin's Complaint as to all parties on Octo-

ber 2, 2003, without specifying the grounds for dismissal.

On appeal, Irwin claims that neither a statute of limitations nor the ITCA bars its claims against Marion County.[4] In particular, Irwin asserts that the Journey's Account statute saves its federal and state claims from the two-year statute of limitations of I.C. § 34–11–2–4. Further, Irwin argues the ITCA is inapplicable, but, regardless, Irwin substantially complied with the notice requirements and its federal claims are not subject to them.

As an initial matter, while Irwin appeals from the grant of a motion to dismiss, because Marion County designated evidence with its motion, the proper standard of review is that for a grant of summary judgment. *Dempsey v. Carter,* 797 N.E.2d 268 (Ind.Ct.App.2003). When reviewing the grant or denial of summary judgment, we use the same standard used by the trial court. *Ebersol v. Mishler,* 775 N.E.2d 373 (Ind.Ct.App.2002). Summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* If the trial court's entry of summary judgment can be sustained on any theory or basis in the record, we must affirm. *Dorman v. Osmose, Inc.,* 782 N.E.2d 463 (Ind.Ct.App. 2003).

1.

Irwin asserts that the two-year statute of limitations contained within I.C. § 34–11–2–4 does not bar its federal and state claims seeking refund of the alleged illegal tax penalty. A statute of limitations defense may properly be raised on a mo-

ed therein. The statute did not grant any power to the State Board to review penalties imposed by the County for the late payment of property taxes, or whether the correct procedure for collecting payments and penalties was followed by a county.

*Appellant's Appendix* at 51.

4. Irwin does not appeal the dismissal of the State Board or Assessor.

tion for summary judgment. *Schnell v. Hayes*, 710 N.E.2d 208 (Ind.Ct.App.1999). "When the undisputed facts demonstrate that the complaint was filed after the running of the applicable statute of limitations, the trial court must enter judgment for the defendant." *Id.* at 210.

■ The statute of limitations for a § 1983 action is governed by the personal injury statute of the state where the alleged injury occurred. *Parks v. Madison County*, 783 N.E.2d 711 (Ind.Ct.App.2002) (citing *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). In Indiana, that period of limitations is two years. *Parks v. Madison County*, 783 N.E.2d 711 (citing I.C. § 34–11–2–4). Irwin does not deny that the two-year limitations period of I.C. § 34–11–2–4 applies to its § 1983 claims, rather it argues that Indiana's Journey's Account statute saves them.[5]

■ The Journey's Account statute states, in relevant part:

(a) This section applies if a plaintiff commences an action and the plaintiff fails in the action from any cause except:

(1) negligence in the prosecution of the action;

(2) the action abates or is defeated by the death of a party; or

(3) a judgment is arrested or reversed on appeal.

(b) If subsection (a) applies, a new action may be brought not later than the later of:

(1) three (3) years after the date of the determination under subsection (a); or

(2) the last date an action could have been commenced under the statute of limitations governing the original action;

and be considered a continuation of the original action commenced by the plaintiff.

I.C. § 34–11–8–1 (West 1998). "The Journey's Account Statute, when applicable, serves to resuscitate actions that have otherwise expired under a statute of limitations." *Parks v. Madison County*, 783 N.E.2d at 720. Further, the statute:

[G]enerally permits a party to refile an action that has been dismissed on technical grounds. *See Vesolowski v. Repay*, 520 N.E.2d 433, 435 (Ind.1988). The statute allows a party to bring a "new action" as a "continuation of the original action," if the party brings the new action within three years after the original action failed. I.C. § 34–1–2–8. Typically, the statute saves "an action filed in the wrong court by allowing the plaintiff enough time to refile the same claim in the correct forum." *Cox v. Amer. Aggregates Corp.*, 684 N.E.2d 193, 195 (Ind. 1997). For instance, if a party files an action in one state where it is dismissed for lack of personal jurisdiction, the party may refile in another state despite the "intervening running of the statute of limitations." *Id.*

*Allen v. Great Am. Reserve Ins. Co.*, 739 N.E.2d 1080, 1083–84 (Ind.Ct.App.2000), *aff'd in relevant part*, 766 N.E.2d 1157 (Ind.2002).

In order to bring a new action in reliance on the statute, the new action must be a continuation of the original action. *See, e.g., McGill v. Ling*, 801 N.E.2d 678

---

5. Because we hold, *supra*, that the ITCA's notice requirements bar Irwin's state law claims, we do not address the Journey's Account statute in relation to them. For the same reason we need not reach Irwin's contention that the six-year statute of limitations contained within I.C. § 34–11–2–7 (West 1998) is the correct limitations period to apply to its state claims.

(Ind.Ct.App.2004) (holding the statute did not save a medical malpractice complaint filed in state court as the new action was not a continuation of the original action filed in federal court alleging negligence, gross negligence and civil rights violations). The statute's purpose is to ensure that a diligent suitor retains the right to a hearing in court until receiving a judgment on the merits. *McGill v. Ling*, 801 N.E.2d 678 (citing *Vesolowski v. Repay*, 520 N.E.2d 433). Moreover, our supreme court has admonished, this "broad and liberal purpose is not to be frittered away by narrow construction." *Vesolowski v. Repay*, 520 N.E.2d at 434 (citation omitted).

■ While the statute's typical use is to save an action originally filed in the wrong court, we have uncovered no opinion addressing the unique factual situation presented by the instant case. That is, a party files a timely action in an administrative forum, *i.e.*, a refund claim with the Auditor, diligently pursues that action, ultimately learns it should have filed elsewhere, and so begins another action, this time in the proper forum, arguing its belated filing should relate back relying on the Journey's Account statute to toll the

applicable statute of limitations.[6] It is undisputed that before March 20, 2003, Irwin had not filed a complaint relating to the alleged illegal penalty in any court. Thus, if the Journey's Account statute is inapplicable, Irwin's claims are time-barred from substantive review.

Here, for over five years Irwin pursued a logical, albeit ultimately unsuccessful, course of administrative and judicial appeals attempting to gain relief from an alleged illegal penalty. Shortly after paying the penalty, Irwin sought a refund from the Auditor, which denied its claim. Irwin then appealed to the State Board, which held a hearing but did not issue its opinion for over two years, at which time it held it lacked the authority to decide the appeal. Irwin appealed that decision to the Tax Court which dismissed the appeal after finding it also lacked jurisdiction and advised: "Irwin's remedy in Court, if any, lies with the Marion County courts of general jurisdiction and not the Tax Court." *Appellant's Appendix* at 58. Irwin finally sought relief from our supreme court, which denied its petition for review, and Irwin subsequently filed the instant complaint asserting identical claims to those it had previously made to the Auditor in its

**6.** Our supreme court has addressed the converse situation in the particular context of worker's compensation. *See Cox v. Amer. Aggregates Corp.*, 684 N.E.2d 193 (Ind.1997). In *Cox*, a terminated employee initially brought an intentional tort action in state court for injuries suffered on the job. When that suit proved unsuccessful, the employee filed a worker's compensation claim that the Worker's Compensation Board deemed time-barred based on the applicable two-year limitations period. *Id.* Our supreme court rejected the employee's attempt to use the Journey's Account statute to save his worker's compensation claim, holding the claim was not a continuation of his original action in state court and that the worker's compensation claim was not a new action presented to a court. *Id. Cox*, however, is distinguishable from the instant case in that the court was explicitly

concerned that holding otherwise would allow aggrieved employees to circumvent a state's worker's compensation structure by filing intentional tort actions in state court and then, if unsuccessful, filing worker's compensation claims. *Id.* This would place a significant burden on employers and undermine the quick and efficient resolution of workplace injuries. *Id.* Additionally, the court was influenced by Cox's blatant intent to elude the worker's compensation system by filing his intentional tort action. *Id.* at 194 ("[t]o avoid the bar against civil lawsuits for work related injuries ... Cox alleged intentional injury by [his employer]"). Here, we have no evidence that Irwin acted in bad faith while appealing to various administrative and judicial bodies and there has been no substantive determination made on his initial claims.

refund action. As illustrated by the foregoing, Irwin diligently, and in apparent good faith, pursued its claims that the tax penalty was unconstitutional and illegal but belatedly realized it had followed an incorrect path.

Marion County asserts that the Journey's Account statute applies only to situations where a plaintiff commences an action in a *court* but fails in the action, citing as support Indiana Trial Rule 3: "A civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute...." While we agree that the typical application of the Journey's Account statute is to salvage time-barred actions filed in an incorrect state or federal court, based on the oft-noted purpose of the statute (*i.e.,* to protect a diligent suitor and permit resolution on the merits of a claim filed in an incorrect forum) which our supreme court has warned not to narrowly construe, we conclude the Journey's Account applies to this unique factual scenario. Irwin's federal claims are not barred by the statute of limitations.

2.

In addition to demonstrating a statute of limitations does not bar its claims, Irwin faces the additional hurdle of the ITCA's notice requirements. Marion County asserts that the trial court's dismissal of Irwin's claims was proper based on Irwin's failure to comply with the notice requirements of the ITCA. Irwin coun-

ters that the ITCA is inapplicable, and, even if the ITCA's notice requirements apply, Irwin has substantially complied.[7]

The ITCA governs lawsuits against political subdivisions, like Marion County, and its employees. *Fowler v. Brewer,* 773 N.E.2d 858 (Ind.Ct.App.2002). The statute requires early notice that a claim exists, and provides substantial immunity for conduct within the scope of an employee's employment, the purpose being to ensure that public employees can exercise the independent judgment necessary to carry out their duties without threat of harassment by litigation or threats of litigation over decisions made within the scope of their employment. *Id.* Compliance with the ITCA is a question of law properly determined by the court. *Lake County Juvenile Court v. Swanson,* 671 N.E.2d 429 (Ind.Ct.App.1996).

The ITCA's notice provision provides, in relevant part:

(a) Except as provided in section 9 of this chapter, a claim against a political subdivision is barred unless notice is filed with:

(1) The governing body of that political subdivision; and

(2) The Indiana political subdivision risk management commission created under IC 27-1-29;

within one hundred eighty (180) days after the loss occurs.

---

**7.** Irwin argues that Marion County has waived the issue of Irwin's alleged non-compliance with the notice requirement of the ITCA. Non-compliance with the ITCA's notice requirements may be excused where the defendant fails to timely raise the issue as a defense. *City of Tipton v. Baxter,* 593 N.E.2d 1280 (Ind.Ct.App.1992). Marion County has not waived this argument. As noted previously, Irwin filed its initial claim with the Auditor and then proceeded to appeal the Auditor's denial, arguing to the various administrative

and judicial bodies that they had authority to determine if the Auditor's denial was proper. From our review of these filings, neither the substantive merits of Irwin's suit, nor the potential affirmative defenses that Marion County possessed, were addressed. When Irwin filed its complaint on March 20, 2003, Marion County immediately and properly raised non-compliance as an affirmative defense in their Answer. Marion County has not waived this defense, which it argued in its Motion to Dismiss as well as before this court.

I.C. § 34–13–3–8 (West 1998). Failure to strictly conform with the ITCA's notice provisions is not fatal if the claimant demonstrates he has substantially complied. *Ammerman v. State*, 627 N.E.2d 836 (Ind. Ct.App.1994). The claimant bears the burden of establishing substantial compliance. *Indiana Dep't of Highways v. Hughes*, 575 N.E.2d 676 (Ind.Ct.App.1991).

In determining whether substantial compliance is established, we look to the purpose of the notice requirements, which is:

> [T]o inform state officials with reasonable certainty of the accident or incident and surrounding circumstances and to advise of the injured party's intent to assert a tort claim so that the state may investigate, determine its possible liability, and prepare a defense to the claim.

*Garnelis v. Indiana State Dep't of Health*, 806 N.E.2d 365 (Ind.Ct.App.2004). In general, a notice filed within the required time period, that informs the municipality of the claimant's intent to make a claim, and contains sufficient information which reasonably affords the political subdivision an opportunity to promptly investigate the claim will satisfy the purpose of the statute and will be held to substantially comply with the statute. *Howard County Bd. of Comm'rs v. Lukowiak*, 810 N.E.2d 379 (Ind.Ct.App.2004).

As an initial matter, Irwin claims the ITCA, and hence its notice requirements, do not apply because its state claims seeking monies it alleges are illegally held by Marion County do not sound in tort. Rather, Irwin asserts that its claim is based on an implied contract, created when Marion County received monies that it could not rightfully retain. We refuse the invitation to create a contractual relationship between the Treasurer's office and the citizens of Marion County every time a tax payment is made, and find no basis for Irwin's contention that its claim is based on an implied contract. Moreover, the ITCA applies to "all torts committed against either persons or property." *Holtz v. Board of Comm'rs of Elkhart County*, 560 N.E.2d 645 (Ind.1990). A tort is defined as:

> "A legal wrong committed upon the person or property independent of contract. It may be either (1) a direct invasion of some legal right of the individual; (2) the infraction of some public duty by which special damage accrues to the individual; (3) the violation of some private obligation by which like damage accrues to the individual."

*Id.* at 647 (quoting Black's Law Dictionary (5th ed. 1979)). Regardless of how Irwin deigns to describe its claims, its assertion that Marion County committed a legal wrong causing harm to Irwin's property when it extracted an allegedly illegal property tax payment sounds in tort. The ITCA applies to Irwin's claim.

Thus, the dispositive question becomes, did Irwin's refund claim filed with the Auditor substantially comply with the notice requirements of the ITCA? We find it did not. In *Bienz v. Bloom*, 674 N.E.2d 998 (Ind.Ct.App.1996), Bienz, a terminated county employee, brought suit against her former supervisor and the County Board of Commissioners alleging, *inter alia*, federal and state constitutional violations. *Id.* Defendants successfully moved to dismiss her claims asserting that her action was barred by failure to provide notice pursuant to the ITCA. *Id.* On appeal, Bienz asserted that the grievance she had filed with her supervisor and the County Board within a week of termination substantially complied with the notice requirements of the ITCA. This court held that: "Although Bienz'[s] grievance identified her as the claimant, identified the time and nature of her loss, and requested that she

be afforded a grievance hearing, Bienz'[s] grievance failed to inform the Board that Bienz intended to assert a tort claim." *Id.* at 1005. *See also Ricketts v. State,* 720 N.E.2d 1244 (Ind.Ct.App.1999) (rejecting substantial compliance argument because claimant's letter identified him as the claimant, identified circumstances which brought about the loss, and requested an opportunity to discuss the letter with a state official, but failed to inform the state that he intended to assert a tort claim).

■ Here, Irwin submitted a refund claim with the Auditor almost eight months after it was definitively informed that a penalty would be assessed and outside the 180–day window prescribed by the ITCA.[8] In its refund claim, Irwin asserted its constitutional arguments challenging the validity of I.C. § 6–1.1–37–10(a), but the claim was filed only with the Auditor and Irwin does not assert, nor is there any evidence in the record to support, that the claim was ever served on the Treasurer or PTABOA. In fact, Irwin's petition to the State Board seeking review of the Auditor's denial of its claim, named only the Auditor as a party. Moreover, while the refund claim discussed the facts underlying Irwin's claim, sought reimbursement of the penalty tax payment, and discussed the constitutional violations of the penalty statute, Irwin did not state its intent to file a tort claim should the refund claim be denied. Irwin's argument that the refund claim "explicitly targeted" the conduct of

the Treasurer also holds little sway. Surely, substantial compliance cannot be established by simply mentioning one entity's actions in a filing with another entity. As Irwin failed to satisfy its burden in demonstrating substantial compliance with the notice requirements, its state claims against Marion County were properly dismissed by the trial court.

### 3.

Finally, Irwin correctly asserts that the ITCA's notice requirements are inapplicable to its federal § 1983 claims. *See, e.g., Meury v. Eagle–Union Cmty. School Corp.,* 714 N.E.2d 233, 242 (Ind.Ct.App. 1999) ("ITCA notice provisions are inapplicable to § 1983 claims, even when presented in a state court forum"). Thus, since the Journey's Account statute saves Irwin's claims based on the statute of limitations, the ITCA is no bar to Irwin's § 1983 claims against any of the Marion County entities, i.e., the Auditor, Treasurer, and PTABOA.

In conclusion, the Journey's Account statute saves Irwin's federal claims from the applicable statute of limitations. The ITCA's notice requirements, however, bar Irwin's state law claims as Irwin has failed to demonstrate substantial compliance with the statute. Further, the ITCA's notice requirements are inapplicable to Irwin's § 1983 claims. Therefore, we affirm the trial court's dismissal of Irwin's state

---

**8.** Irwin asserts that the 180–day period should run from the date it paid the tax penalty in July 1997. We disagree. The affidavit from an Irwin Senior Vice President, William M. Meyer, indicates Irwin was advised on May 16, 1997, that the Treasurer would assess a penalty for the late payment of property taxes. Irwin knew its delinquent tax payment was in excess of $3 million and that I.C. § 6–1.1–37–10 provided for the penalty to be 10% of that amount. Therefore, even if the amount of damages could not be precisely

fixed on May 16, 1997, Irwin knew it would be responsible for at least $300,000.00. "[T]he cause of action of a tort claim accrues and the statute of limitations begins to run when the plaintiff knew or, in the ordinary exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortuous act of another." *Wehling v. Citizens Nat'l Bank,* 586 N.E.2d 840, 843 (Ind.1992). The 180–day period ran from the time Irwin learned the penalty would be assessed.

claims against Marion County, but reverse the trial court's dismissal of the § 1983 claims, and remand to the trial court for further proceedings consistent with this opinion.

Judgment affirmed in part, reversed in part, and remanded.

BAILEY, J., and BAKER, J., concur.