## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 25 2020, 8:16 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott A. Pyle
Rubino, Ruman, Crosmer & Polen
Dyer, Indiana

ATTORNEYS FOR APPELLEES

Anthony W. Overholt
Darren A. Craig
Stephanie V. McGowan
Frost Brown Todd LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Randy Chariton, on behalf of himself and all others similarly situated,

*Appellant-Plaintiff,*

v.

City of Hammond, Indiana; City of Hammond, Indiana Board of Public Works and Safety; Ed Krusa, in his official capacity as Board President of the Hammond, Indiana Board of Public Works and Safety; Stanley Dostatni, in his official capacity as Board Vice President of the Hammond, Indiana Board of Public Works and Safety; and

March 25, 2020

Court of Appeals Case No. 19A-CT-1266

Appeal from the Lake Superior Court

The Honorable John R. Pera, Judge

Trial Court Cause No. 45D10-1410-CT-208

Jeffrey Smith, in his official
capacity as Member of the
Hammond, Indiana Board of
Public Works and Safety,

*Appellees-Defendants*

**Crone, Judge.**

# Case Summary

Randy Chariton, on behalf of himself and others similarly situated, appeals the trial court's order granting the summary judgment motion filed by the City of Hammond, Indiana ("the City"); the City Board of Public Works and Safety ("the Board"); Ed Krusa, in his official capacity as the Board president; Stanley Dostatni, in his official capacity as the Board vice president; and Jeffrey Smith, in his official capacity as a member of the Board (collectively "Appellees"). The trial court found that Chariton failed to file the notice required by the Indiana Tort Claims Act ("the ITCA"), and therefore dismissed his claims with prejudice. Chariton argues that the trial court erred in granting Appellees' summary judgment motion because (1) the ITCA does not apply to his claims, and therefore he was not required to file notice; and (2) even if the ITCA applies to his claims, he substantially complied with its notice requirements. Concluding that Appellees are entitled to summary judgment, we affirm.

## Facts and Procedural History

[2]     In March 2011, the City passed an ordinance ("the Ordinance"), which requires any person who owns real property in the City and leases that property for housing to register that property with the City and pay an annual fee of $80 for each rental unit by April 15 of each year.[1] Landlords who fail to register are subject to a late fee for each unit not timely registered. In addition, the Ordinance provides that the failure to register constitutes a violation of the Ordinance and authorizes the Hammond City Court to impose fines upon a finding of such violation.

[3]     On October 16, 2013, the City sent Chariton a "Notice of Municipal Ordinance Violation" informing him that his properties were in violation of the Ordinance because they had not been registered and the annual fee had not been paid, that a $500 per unit late fee "shall be" assessed, and that a violation of the Ordinance subjects the owner to a fine not to exceed $2500 per unit. Appellant's App. Vol. 2 at 216. Chariton filed a "Late Rental Registration Appeal Hearing Request Form" with the Board dated October 25, 2013. *Id.* at 218. The Board held a meeting on November 21, 2013 ("November 21, 2013 Board meeting"), during which it held a hearing on Chariton's failure to register

---

[1] The statute governing rental registration fees, Indiana Code Section 36-1-20-5, has been a subject of litigation. *See City of Hammond v. Herman & Kittle Properties, Inc.*, 119 N.E.3d 70, 74 (Ind. 2019) (declaring statute's fee exemption to be unconstitutional but severable from remainder of statute, thereby leaving fee restriction in force). Currently under Indiana Code Section 36-1-20-5(c), a political subdivision is limited to imposing no more than a $5 annual registration fee.

rental units. *Id*. at 225. Chariton's attorney appeared on his behalf. After hearing argument, the Board passed a motion to assess on Chariton's rental properties a rental registration fee of $80 per unit for 2012 and 2013 and one $500 late fee per unit. *Id*.

[4] On July 10, 2014, Chariton filed with the Lake Superior Court a class action complaint on behalf of persons who "have received notices and/or been assessed fines or penalties by [the City] through [the Board] for alleged violations of [the Ordinance]" against Appellees.[2] Appellant's App. Vol. 2 at 20. The complaint alleged that the Board had operated in a quasi-judicial capacity by conducting "rental registration hearings" and assessing fines and penalties against landlords and that this procedure violated Indiana Code Section 33-35-2-3(1), which grants city courts exclusive jurisdiction over all city ordinance violations.[3] *Id*. at 19-22. Chariton sought relief under two theories: unjust enrichment and money had and received. *Id*. at 24. Chariton requested an award of damages in the amount of fees collected by the City through the allegedly unlawful enforcement of the Ordinance and an order enjoining the

---

[2] Chariton also filed a motion and supporting memorandum for class certification.

[3] Chariton cited Indiana Code Sections 33-35-2-4 and -5 in his complaint and continues to cite these sections in his appellant's brief. However, neither of these sections mentions jurisdiction over violations of city ordinances. Indiana Code Section 33-35-2-3(1) provides that a city court has "[j]urisdiction of all violations of the ordinances of the city." Accordingly, for purposes of this opinion we assume that Chariton meant to cite this section.

City from enforcing the Ordinance by having the Board conduct hearings in a quasi-judicial fashion. *Id*. at 25.

[5] In May 2017, Appellees filed a motion for summary judgment alleging, among other things, that Chariton's claims were barred because his claims were tort claims subject to the ITCA's notice requirements and that Chariton failed to provide notice.[4] Appellant's App. Vol. 3 at 95-96. In support of the motion, Appellees designated as evidence the affidavit of the administrative secretary of the City's law department, in which she attested that the City never received an ITCA notice from Chariton. *Id*. at 98-99. Chariton filed a response in opposition to Appellees' motion for summary judgment, in which he conceded that he did not file a tort claim notice. *Id*. at 127. Chariton also filed a motion to strike portions of Appellees' summary judgment filings, which the trial court granted. *Id*. at 122, 179. On September 21, 2017, the trial court held a hearing, at which the parties presented argument. At the conclusion of the hearing, the trial court asked the parties to file proposed findings and conclusions on two issues: the applicability of the ITCA and the validity of the Ordinance. Tr. Vol. 2 at 106. In May 2019, the trial court issued its order finding that Chariton was required to comply with the ITCA as a prerequisite to bringing his action and that it was undisputed that he failed to do so. The trial court found that the failure to file notice was dispositive and declined to rule on the merits of the

---

[4] Chariton also filed a motion for partial summary judgment, but the trial court found it unnecessary to rule on the issue raised therein.

other summary judgment arguments made by the parties. Accordingly, the trial court dismissed Chariton's claims with prejudice. This appeal ensued.

## Discussion and Decision

[6] Chariton claims that the trial court erred in granting Appellees' summary judgment motion. We review a trial court's ruling on a summary judgment motion de novo, applying the same standard as the trial court. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). In conducting our review, we consider only those matters that were designated to the trial court during the summary judgment stage. *Biedron v. Anonymous Physician 1*, 106 N.E.3d 1079, 1089 (Ind. Ct. App. 2018), *trans. denied* (2019).

[7] Summary judgment is appropriate if the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Hughley*, 15 N.E.3d at 1003; Ind. Trial Rule 56(C). The moving party bears the onerous burden of affirmatively negating the opposing party's claim. *Hughley*, 15 N.E.3d at 1003. Then, if "the moving party satisfies this burden through evidence designated to the trial court, the non-moving party may not rest on its pleadings, but must designate specific facts demonstrating the existence of a genuine issue for trial." *Biedron*, 106 N.E.3d at 1089 (quoting *Broadbent v. Fifth Third Bank*, 59 N.E.3d 305, 311 (Ind. Ct. App. 2016), *trans. denied*).

## Section 1 – The ITCA applies to Chariton's claims.

[8] Chariton contends that summary judgment is improper because the ITCA does not apply to his claims. The ITCA governs tort claims against political subdivisions and their employees. Ind. Code § 34-13-3-1. The ITCA provides in relevant part that a claim against a political subdivision is barred unless notice is filed with "the governing body of that political subdivision … within one hundred eighty (180) days after the loss occurs." Ind. Code § 34-13-3-8. The ITCA does not provide a statutory definition of "tort." However, "loss" for purposes of the ITCA is defined as an "injury to or death of a person or damage to property." Ind. Code § 34-6-2-75. "Compliance with the notice provisions of ITCA is a procedural precedent which the plaintiff must prove and the trial court must determine prior to trial." *Brown v. Alexander*, 876 N.E.2d 376, 383 (Ind. Ct. App. 2007), *trans. denied* (2008). The ITCA notice requirement "is intended to ensure that government entities have the opportunity to investigate the incident giving rise to the claim and prepare a defense." *Schoettmer v. Wright*, 992 N.E.2d 702, 706 (Ind. 2013). Because the ITCA is in derogation of the common law, it "must be strictly construed against limitations on the claimant's right to bring suit.'" *Id*. (quoting *City of Indianapolis v. Buschman*, 988 N.E.2d 791, 794 (Ind. 2013)).

[9] We begin with a careful examination of Chariton's claims. Chariton's complaint alleges that the City's collection of rental registration fees and fines by having the Board act in a quasi-judicial capacity violates the state statute that grants city courts exclusive jurisdiction over ordinance violations. Based on

theories of unjust enrichment and money had and received, Chariton seeks damages or restitution in the amount of fees and fines that the City collected through the allegedly unlawful enforcement of the Ordinance and an order enjoining the City from continued enforcement of the Ordinance in this allegedly unlawful manner. Chariton asserts that his claims are not subject to the ITCA because they do not involve an "injury to or death of a person or damage to property." Appellant's Br. at 17.

[10]   Our supreme court has observed, "Under traditional tort doctrines a violation of a statutory or constitutional obligation may give rise to a civil damage claim." *Cantrell v. Morris*, 849 N.E.2d 488, 497-98 (Ind. 2006). However, Chariton contends that the ITCA "does not apply to all claims in which a plaintiff alleges that the State/governmental entity has infringed his rights." Appellant's Br. at 17 (citing *Hoagland v. Franklin Twp. Cmty. Sch. Corp.*, 10 N.E.3d 1034, 1039 (Ind. Ct. App. 2014), *vacated in part on other grounds by* 27 N.E.3d 737 (Ind. 2015)). While this contention may be true, *Hoagland* is clearly distinguishable and does not support Chariton's assertion that the ITCA does not apply to his claims. In *Hoagland*, a parent alleged that her child's school corporation violated the Indiana Constitution by failing to provide students with free transportation to and from school. 10 N.E.3d at 1037. The *Hoagland* court concluded that the parent's claim "sounds in Indiana's Education Clause,

not tort law" and that the case "did not involve the type of loss contemplated by the ITCA." *Id*. at 1040.[5]

[11] Relying on *Hoagland*, in *City of Evansville v. Magenheimer*, 37 N.E.3d 965 (Ind. Ct. App. 2015), *trans. denied,* another panel of this Court concluded that the ITCA did not apply to a citizen's claim that the city of Evansville violated an Indiana statute that barred a political subdivision from regulating firearms. *Id*. at 969. In considering whether the citizen's claim was subject to the ITCA, the *Magenheimer* court agreed with *Hoagland* that the ITCA does not apply to all claims in which a plaintiff alleges that the State has infringed his or her rights. *Id*. The *Magenheimer* court clarified that "the ITCA only applies to claims in which a plaintiff seeks monetary damages from the State to compensate for a loss." *Id*. Such claims include those alleging damage to property rights. *Id*. (citing *Holtz v. Bd. of Comm'rs of Elkhart Cty.*, 560 N.E.2d 645, 647-48 (Ind. 1990)). The *Magenheimer* court reasoned that the statute at issue granted individuals a private right of action to enforce the statute, and although it allowed individuals to recover damages, "this appears incidental to the provision's primary purpose of incentivizing private individuals to assist in the statute's enforcement." *Id*. at 970. The *Magenheimer* court held that the citizen

---

[5] While transfer was pending in *Hoagland*, another panel of this Court concluded that a parent's claim that her child's school corporation was charging fees for such things as lockers, IDs, and textbook rental in contravention of the Indiana Constitution was not subject to the ITCA. *McIntire v. Franklin Twp. Cmty. Sch. Corp.*, 15 N.E.3d 131, 133 (Ind. Ct. App. 2014), *trans. denied* (2015).

had a valid, non-tort claim arising under the statute. *Id*. at 971. *Magenheimer* does not support Chariton any more than *Hoagland*.

[12] Chariton's claims are similar to the claims considered in *Irwin Mortgage Corp. v. Marion County Treasurer*, 816 N.E.2d 439 (Ind. Ct. App. 2004), and *City of Indianapolis v. Cox*, 20 N.E.3d 201 (Ind. Ct. App. 2014). In *Irwin*, the Irwin Mortgage Corporation failed to pay its client's property taxes on time and incurred a sizable penalty. Irwin filed a request with Marion County for a refund, which the county denied. Irwin then sued the county alleging that the penalty was collected in violation of federal and state constitutions. The county moved to dismiss the complaint, asserting that Irwin's claims were barred by Irwin's failure to file notice under the ITCA. The trial court dismissed Irwin's complaint, and it appealed, arguing that the ITCA was inapplicable, and even if it did apply, Irwin had substantially complied with the ITCA notice requirements. 816 N.E.2d at 445. The *Irwin* court held that, in essence, Irwin's claim was that "Marion County committed a legal wrong causing harm to Irwin's property when it extracted an allegedly illegal property tax payment," and such a claim sounded in tort. *Id*. at 446. The *Irwin* court concluded that Irwin had not filed a tort claim notice and that its demand for a refund did not substantially comply with the notice requirements, and as a result, Irwin's statutory and constitutional claims were barred. *Id*. at 447.

[13] *Cox* involved a class action lawsuit against the City of Indianapolis, brought by Indianapolis homeowners seeking refunds for sewer improvement assessments on the basis that Indianapolis "acted illegally in the course of changing its

method for financing sanitary sewer improvement projects." 20 N.E.3d at 203. There, Cox, a homeowner, paid Indianapolis an assessment for a sewer improvement project in her neighborhood pursuant to a statutory program in place at the time. Later, Indianapolis instituted a new financing program for sewer improvements. When the new program was adopted, some homeowners still owed payments under the prior financing system, and Indianapolis chose to forgive those amounts. Cox had already paid her assessment in full, so she sent the City of Indianapolis a demand for a partial refund, which Indianapolis denied.

[14] Cox filed suit, alleging that Indianapolis's refusal to refund a portion of her assessment violated statutory law. After the trial court granted summary judgment in Cox's favor, Indianapolis appealed, arguing, among other things, that Cox's claims were barred because she did not comply with the ITCA's notice requirements. Cox contended that the ITCA did not apply to her claims because her claims did not sound in tort. The *Cox* court rejected her contention, concluding as follows: "Cox demands a pro rata refund of her sewer assessment. She contends that she was unfairly required to pay money that her neighbors were ultimately excused from paying. As in *Irwin*, Cox is essentially claiming a loss of property, and her claims sound in tort." *Id*. at 206-07. Accordingly, the *Cox* court concluded that the ITCA applied to Cox's claims, and because she failed to file notice in compliance with it, her claims were barred. *Id*. at 208.

Here, Chariton attempts to distinguish *Irwin* and *Cox* by characterizing his claims as "equitable claims" in a "proposed class action" involving "a challenge to an ongoing mechanism and operation of the City of Hammond ordinance at issue being contrary to state law." Appellant's Br. at 18-19. However, in essence, he seeks an award of damages in the amount of fees and fines collected by the allegedly illegal enforcement of the Ordinance. Like *Irwin* and *Cox*, Chariton is claiming a loss of property, and therefore his claims sound in tort.[6] The fact that this is a proposed class action lawsuit is of no moment; *Cox* involved a class action suit, but the court considered the underlying claim to determine whether the ITCA applied. Likewise, the fact that Chariton is seeking an injunction to stop the allegedly illegal enforcement of the Ordinance does not change the underlying nature of his claims. *Indiana Dep't of Transp. v. Shelly & Sands, Inc.*, 756 N.E.2d 1063, 1078 (Ind. Ct. App. 2001) (stating that if underlying claim would be barred by ITCA if proper notice was not filed, then relief, even equitable relief, for that claim would also be barred), *trans. denied*

[6] In his complaint, Chariton sought relief under the theories of "unjust enrichment" and "money had and received." Appellant's App. Vol. 2 at 24. To recover for unjust enrichment, also referred to as quantum meruit or quasi contract, "the plaintiff must show that (1) he rendered a measurable benefit to the defendant at the defendant's express or implied request; (2) he expected payment from the defendant; and (3) allowing the defendant to retain the benefit without restitution would be unjust." *Estate of Henry v. Woods*, 77 N.E.3d 1200, 1204 (Ind. Ct. App. 2017) (quoting *Neibert v. Perdomo*, 54 N.E.3d 1046, 1051 (Ind. Ct. App. 2016)). An action for money had and received exists where the defendant received money from the plaintiff "under such circumstances that in equity and good conscience he ought not to retain the same, and which money ... belongs to the plaintiff, and where money has been received by mistake of facts, or without consideration, or upon a consideration that has failed, it may be recovered back." *Farmers Elevator Co. of Oakville v. Hamilton*, 926 N.E.2d 68, 77 (Ind. Ct. App. 2010) (quoting *Lawson v. First Union Mortg. Co.*, 786 N.E.2d 279, 283-84 (Ind. Ct. App. 2003)), *trans. denied*. Chariton presents no argument regarding how these theories apply to the circumstances present here.

(2002).  Therefore, we conclude that Chariton's claims are governed by the ITCA.

## Section 2 – Chariton did not substantially comply with the ITCA notice requirements.

Chariton concedes that he did not file the notice required by the ITCA. However, he argues that he has substantially complied with the notice requirements, and therefore his claims should be allowed to proceed.  The notice required under the ITCA "must describe in a short and plain statement the facts on which the claim is based," including:

> the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice.

Ind. Code § 34-13-3-10.  Also, the notice must be in writing and must be delivered in person or by registered or certified mail.  Ind. Code § 34-13-3-12. "What constitutes substantial compliance, while not a question of fact but one of law, is a fact-sensitive determination." *Schoettmer*, 992 N.E.2d at 707 (quoting *Collier v. Prater*, 544 N.E.2d 497, 499 (Ind. 1989)). "Substantial compliance with the statutory notice requirements is sufficient when the purpose of the notice requirement is satisfied." *Id*. (quoting *Ind. State Highway Comm'n v. Morris*, 528 N.E.2d 468, 471 (Ind. 1988)).  "In general, a notice filed within the required time period, that informs the municipality of the claimant's intent to make a claim, and contains sufficient information which reasonably affords the political

subdivision an opportunity to promptly investigate the claim will satisfy the purpose of the statute and will be held to substantially comply with the statute." *Irwin Mortg. Corp.*, 816 N.E.2d at 446. "The claimant bears the burden of establishing substantial compliance." *Id*.

[17] Chariton argues that his "2013 written submissions and November 21, 2013 statements to the Appellees by and through [his] attorney before [the Board] substantially comply with the notice requirement[s]." Appellant's Br. at 23. He further argues he "complied with the writing and delivery requirements of Ind. Code § 34-13-3-12 when [his] 2013 written submissions were delivered in person both prior to and subsequent to the November 21, 2013 [Board] meeting." *Id*. at 24. We observe that the underlying assumption of Chariton's arguments is that his "loss" occurred when he received the October 16, 2013 notice of municipal ordinance violation. We express no opinion as to whether this is correct, but because Chariton's argument appears to be based on that assumption, we base our analysis on it as well.

[18] In support of his argument that his 2013 written submissions and oral statements to the Board constitute substantial compliance, Chariton cites to (1) the October 16, 2013 notice of municipal ordinance violation, (2) the "Late Rental Registration Appeal Hearing Request Form" that he filed with the Board, (3) the Board's "Findings and Decision" reflecting its November 21, 2013 Board meeting decision to require Chariton to register his properties and to impose late fees, and (4) the November 21, 2013 Board meeting agenda and minutes. Appellant's App. Vol. 2 at 216-228. As for the November 21, 2013

Board meeting agenda and minutes, there is one paragraph which reflects the Board's action on the rental registration for Chariton's properties. *Id*. at 225. That paragraph indicates that Chariton's attorney appeared at the Board meeting and that he "stated that he submitted a proposal to the Board requesting the late fee be waived [and said Chariton] lived in one of the units before moving." *Id.* The proposal referred to is not in the record on appeal. Chariton's attorney also told the Board that "sending information regarding rental registration with water bills is not an adequate way to notify the public." *Id*. Because the notice required by the ITCA must be in writing, these statements do not satisfy the notice requirements.

[19] Focusing on the written submissions as a whole, we note that one can piece together that Chariton was assessed a fee and a fine for his rental properties pursuant to the Ordinance and that he objected, and the documents provide the addresses of the rental properties and the identities of the parties involved. However, we find nothing in these documents that would put the City on notice that Chariton was going to file a lawsuit against it alleging that the Ordinance violated state statute and requesting damages and an injunction. We conclude that Chariton's written communications to the Board do not indicate his intent to take legal action with sufficient information for the City "to ascertain the full nature of the claim against it so that it can determine its liability and prepare a defense." *Schoettmer*, 992 N.E.2d at 707. Thus, Chariton did not substantially comply with the ITCA notice requirements.

[20] Nevertheless, Chariton asserts that the trial court improperly dismissed his action with prejudice based on the continuing wrong doctrine. Specifically, he argues that the "actions of the Appellees giving rise to the complaint are ongoing," and as such, the 180-day statutory time period has not begun to run. Appellant's Br. at 24. "The doctrine of continuing wrong applies where an entire course of conduct combines to produce an injury." *Gradus-Pizlo v. Acton*, 964 N.E.2d 865, 871 (Ind. Ct. App. 2012). When the doctrine is applicable, the limitations period begins to run at the end of the continuing wrongful act. *Id.* In order for the doctrine to apply, the plaintiff must demonstrate that the alleged injury-producing conduct was of a continuous nature. *Id.* However, "the doctrine of continuing wrong will not prevent the statute of limitations from beginning to run when the plaintiff learns of facts which should lead to the discovery of his cause of action even if his relationship with the tortfeasor continues beyond that point." *Fox v. Rice*, 936 N.E.2d 316, 322 (Ind. Ct. App. 2010) (quoting *C & E Corp. v. Ramco Indus., Inc.*, 717 N.E.2d 642, 645 (Ind. Ct. App. 1999)), *trans. denied* (2011).

[21] Here, Chariton was notified of past-due registration fees and the imposition of late fines on October 16, 2013. Chariton learned the facts that would allow the discovery of this cause of action on October 16, 2013, and therefore the ITCA time limitation began to run from that date.[7] Accordingly, Chariton's claim is

---

[7] Chariton appears to argue that the alleged injury-producing conduct is of a continuous nature because "the Appellees' action against [him] to this day still remains pending before the Hammond City Court." Appellant's Br. at 24. However, his citation to the record does not support his assertion.

barred due to his failure to file the ITCA notice within the statutory time period.[8] As such, the trial court properly granted Appellees' summary judgment motion and dismissed his complaint with prejudice.

[22] Affirmed.

May, J., and Pyle, J., concur.

---

[8] The cases relied on by Chariton are inapposite because the claimants in those cases had timely filed notice of tort claims but had prematurely filed suit before the claims had been denied by the government entity or deemed denied as required pursuant to Indiana Code Section 34-13-3-13 (formerly 34-4-16.5-12). *See Bradley v. Eagle-Union Cmty. Sch. Corp. Bd. of Sch. Trustees*, 647 N.E.2d 672, 676 (Ind. Ct. App. 1995); *Orem v. Ivy Tech State Coll.*, 711 N.E.2d 864, 869-70 (Ind. Ct. App. 1999), *trans. denied* (2000).