# FOR PUBLICATION

ATTORNEYS FOR APPELLANTS:

**GUY A. RELFORD**
The Law Offices of Guy A. Relford
Carmel, Indiana

**KIRK S. FREEMAN**
The Law Office of Kirk Freeman
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**DAVID C. JENSEN**
**JOHN M. MCCRUM**
**BRIAN R. DEHEM**
Eichhorn & Eichhorn, LLP
Hammond, Indiana

**KEVIN C. SMITH**
Smith Sersic
Munster, Indiana

**ADAM J. SEDIA**
Rubino, Ruman, Crosmer & Polen
Dyer, Indiana

**SHANA D. LEVINSON**
Levinson & Levinson
Merrillville, Indiana



FILED

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SAMUEL G. DYKSTRA and MICHELLE L. BAHUS, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1206-PL-287 |
| | ) | |
| THE CITY OF HAMMOND, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Jeffery J. Dywan, Judge
Cause No. 45D11-1108-PL-86

**March 15, 2013**

**VAIDIK, Judge**

## Case Summary

Samuel G. Dykstra and Michelle L. Bahus appeal the trial court's grant of summary judgment in favor of the City of Hammond. They contend that the Hammond Ordinances regulating firearms that are at issue violate Indiana Code section 35-47-11.1-2 and "adversely affect" them as individuals who possess licenses to carry a handgun and others similarly situated, so summary judgment in favor of the City was erroneous. We find that Dykstra, Bahus, and others similarly situated have not been adversely affected because the City of Hammond has not adopted or enforced an ordinance that is in violation of the state law. We therefore affirm.

## Facts and Procedural History

The Hammond Municipal Code contains four ordinances that were in effect before July 1, 2011, that regulated firearms, ammunition and or/firearm accessories: Hammond Ordinance Numbers 92.03, 93.020, 99.28, and 132.073 ("the Ordinances"). Indiana Code Section 35-47-11.1-2, however, went into effect on July 1, 2011, and states:

> Except as provided in section 4 of this chapter, a political subdivision may not regulate:
>> (1) firearms, ammunition, and firearm accessories;
>> (2) the ownership, possession, carrying, transportation, registration, transfer, and storage of firearms, ammunition, and firearm accessories; and
>> (3) commerce in and taxation of firearms, firearm ammunition, and firearm accessories.

On August 22, 2011, at a meeting of the Hammond Common Council, an ordinance was considered that would have amended at least Hammond Ordinance Number 132.073 to bring it into compliance with Indiana Code section 35-47-11.1-2. The mayor of Hammond opposed the amendment. City Attorney Kristina Kantar advised the mayor that she had received notice that the city needed to change its laws that were contrary to State law; the city "laws were [not just] superseded, it made it the affirmative duty of all municipalities with an ordinance in conflict to repeal or amend." Appellant's Br. p. 7. However, the mayor indicated that he would unilaterally defeat the proposed ordinance if it passed. The ordinance was eventually defeated, leaving the Ordinances that were in violation of Indiana Code section 35-47-11.1-2 a part of the Hammond Municipal Code.

On August 29, 2011, Dykstra and Bahus ("Firearm Owners"), two residents of Hammond who possess valid Licenses to Carry a Handgun issued by the Indiana State Police, filed a proposed class-action suit against the City of Hammond. On September 7, 2011, the mayor issued an executive order directing that neither the Hammond Police Department nor any other city employee enforce Hammond Ordinance Number 132.073. Appellant's App. p. 102. On September 21, 2011, the mayor issued another executive order prohibiting enforcement of any other city regulation that was in violation of either state or federal law. *Id.* at 103. However, the City of Hammond never officially repealed the Ordinances and they are still a part of the Hammond Municipal Code that is both published to the public and provided on the City's website.

The Firearm Owners moved for summary judgment on their claim, contending that the City of Hammond was strictly liable for failing to repeal the ordinances that were in violation of state law. The City responded and filed a cross-motion for summary judgment, arguing that the state law voided and superseded the ordinances, making any obligation to repeal the ordinances moot. The trial court held a hearing and entered summary judgment in favor of the City, finding that the state law had invalidated the ordinances so the Firearm Owners had no claim.

The Firearm Owners now appeal.

**Discussion and Decision**

The Firearm Owners contend that the trial court erred by entering summary judgment in favor of the City of Hammond.

When reviewing the entry or denial of summary judgment, our standard of review is the same as that of the trial court: summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1269 (Ind. 2009). All facts established by the designated evidence, and all reasonable inferences from them, are to be construed in favor of the nonmoving party. *Naugle v. Beech Grove City Sch.*, 864 N.E.2d 1058, 1062 (Ind. 2007).

The Firearm Owners argue that Indiana Code section 35-47-11.1-5 provides them with a cause of action in this case. Interpretation of a statute is a question of law which we review de novo. *In re Guardianship of E.N.*, 877 N.E.2d 795, 798 (Ind. 2007). We first examine whether the language of the statute is clear and unambiguous. *City of*

4

*Carmel v. Steele*, 865 N.E.2d 612, 618 (Ind. 2007). If it is, we will not apply any rules of construction other than to require that words and phrases be given their plain, ordinary, and usual meanings. *Id.* However, when a statute is susceptible to more than one interpretation, it is deemed ambiguous and open to judicial construction. *Id.* It is a well-established rule of statutory construction that we will attempt to determine and give effect to the intent of the legislature, and, to that end, we read provisions of a statute together so that no part is rendered meaningless if it can be harmonized with the remainder of the statute. *Id.* We presume that a statute was to be applied in a logical manner. *See State v. Hensley*, 716 N.E.2d 71, 76 (Ind. Ct. App. 1999), *trans. denied.*

> Indiana Code section 35-47-11.1-5 states:
>
> A person adversely affected by an ordinance, a measure, an enactment, a rule, or a policy adopted or enforced by a political subdivision that violates this chapter may file an action in a court with competent jurisdiction against the political subdivision for:
>     (1) declarative and injunctive relief; and
>     (2) actual and consequential damages attributable to the violation.

The Firearm Owners contend that they and others similarly situated have been "adversely affected" by the Ordinances because they are still present in the Hammond Municipal Code and they therefore are being subjected to them. Appellant's Br. p. 18. We disagree.

Looking at the plain language of the statute, a person can only bring a cause of action if he has been adversely affected by the adoption or enforcement of an ordinance. However, Indiana Code section 35-47-11.1-3 explicitly states that "any provision of an ordinance, measure, enactment, rule or policy or exercise of proprietary authority of a political subdivision . . . enacted or undertaken before, on, or after June 30, 2011 . . . is

5

void." Therefore, regardless of whether the Ordinances were still in the Hammond Municipal Code, they became void upon the effective date of Indiana Code chapter 35-47-11.1. An individual cannot be adversely affected by a void ordinance, because by its very nature, a void ordinance is "[o]f no legal effect; null." *Black's Law Dictionary* 1604 (8th ed. 2004).

Additionally, even if the Ordinances were not rendered void by Indiana Code section 35-47-11.1-3, "[t]he general rule of statutory construction is that statutes are to be given prospective effect only, unless the legislature unambiguously and unequivocally intended retrospective effect as well." *Ind. State Bd. of Dental Exam'rs v. Judd*, 554 N.E.2d 829, 832 (Ind. Ct. App. 1990). In this case, the Firearm Owners have not designated any evidence that indicates that the legislature intended that this statute have any retrospective effect. We therefore find that the statute was meant to prevent the adoption of future ordinances that may conflict with state law and to prevent the future enforcement of statutes that were in place at the time Indiana Code section 35-47-11.1-2 was adopted.

The Ordinances were in effect before July 1, 2011, indicating that the City of Hammond could not have adopted the Ordinances at a time in which they would be in violation of Indiana Code section 35-47-11.1-2. The Firearm Owners have also failed to designate any evidence that the City of Hammond made any attempt to enforce the void ordinances; on the contrary, the only evidence presented was that the mayor issued two executive orders prohibiting the enforcement of the void ordinances. Appellant's App. p. 102-03. Therefore, the Firearm Owners have not shown that they have been "adversely

6

affected by an ordinance . . . adopted or enforced" in violation of Indiana Code section 35-47-11.1-2, so they have failed to show that they have any valid claim under Indiana Code section 35-47-11.1-5.

We hold that the trial court did not err in denying the Firearm Owners' motion for summary judgment and granting summary judgment in favor of the City of Hammond.

Affirmed.

BAILEY, J., and BROWN, J., concur.