

FILED

Jun 24 2015, 6:01 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEYS FOR APPELLANTS | ATTORNEYS FOR APPELLEE |
|---|---|
| Keith W. Vonderahe | Guy A. Relford |
| Robert L. Burkart | Craig A. Relford |
| Ziemer Stayman Weitzel | The Law Offices of Guy A. Relford |
| & Shoulders, LLP | Carmel, Indiana |
| Evansville, Indiana | |

# IN THE
# COURT OF APPEALS OF INDIANA

City of Evansville and The
Evansville Department of Parks
and Recreation,

*Appellants-Defendants,*

v.

Benjamin A. Magenheimer,

*Appellee-Plaintiff*

June 24, 2015

Court of Appeals Case No.
82A01-1409-PL-398

Appeal from the Vanderburgh Circuit
Court.
The Honorable Carl A. Heldt, Senior
Judge.
Cause No. 82C01-1109-PL-476

**Baker, Judge.**

[1] The City of Evansville (Evansville) appeals the trial court's denial of its motion for judgment on the pleadings. Benjamin Magenheimer filed a complaint alleging that Evansville violated Indiana Code chapter 35-47-11.1, which generally bars political subdivisions from regulating firearms, when it enforced a provision of its municipal code that prohibited the carrying of firearms in public parks against Magenheimer. Magenheimer brought suit pursuant to Indiana Code section 35-47-11.1-5, which creates a private right of action for individuals to enforce the statute's provisions. Evansville maintains that Magenheimer is effectively bringing a tort claim and that, therefore, his claim is barred for failure to comply with the Indiana Tort Claims Act[1] (ITCA). Finding that the ITCA does not govern Magenheimer's claim, we affirm the trial court's denial of Evansville's motion for judgment on the pleadings.

## Facts[2]

[2] On September 10, 2011, Magenheimer visited the Mesker Park Zoo and Botanical Garden, a city park, with his wife and son. While at the park, Magenheimer was openly carrying a firearm. Magenheimer was licensed to carry this firearm and had a copy of the license in his possession. At the time, the Evansville municipal code contained a provision prohibiting firearms in city

---

[1] Ind. Code § 34-13-3-1 *et seq.*

[2] We held oral argument in this case on May 6, 2015, at the Tropicana Evansville. We thank everyone at the Tropicana Evansville for their wonderful hospitality as well as the parties for their exceptional oral advocacy. We also thank the Evansville Bar Association for organizing the event.

parks.[3]  An employee of the park spotted Magenheimer carrying the firearm and called the police.  The police arrived and ordered Magenheimer to leave the park.

[3]     Magenheimer filed an initial complaint on September 16, 2011, and an amended complaint a few days later.  Magenheimer's complaint alleged that Evansville had violated Indiana Code chapter 35-47-11.1, which generally bars political subdivisions from regulating firearms.  Magenheimer filed his complaint pursuant to a provision that gives individuals a private right of action to enforce the statute.  Magenheimer's request for relief tracked the language of the statute, which allows successful plaintiffs to recover either actual and consequential damages or liquidated damages of treble attorney fees.

[4]     Evansville filed a response and, shortly thereafter, filed a motion for summary judgment.  The trial court denied this motion pending the outcome of a similar case in this Court—*Dykstra v. City of Hammond*, 985 N.E.2d 1105 (Ind. Ct. App. 2013), *trans. denied*.  Following the decision in that case, both parties filed motions for summary judgment, which the trial court denied.  On May 20, 2014, Evansville moved for judgment on the pleadings, alleging that Magenheimer had failed to serve proper notice pursuant to the ITCA.  The trial court denied that motion as well.  However, pursuant to Indiana Appellate Rule

---

[3] Municipal Code § 2.45.070(C)(18); Appellant's App. p. 15.

14(B), the trial court granted a motion for discretionary interlocutory appeal to this Court on September 2, 2014. This appeal followed.

# Discussion and Decision

Evansville appeals the trial court's denial of its motion for judgment on the pleadings. We review de novo a trial court's ruling on a motion for judgment on the pleadings. *Consol. Ins. Co. v. Nat'l Water Servs., LLC*, 994 N.E.2d 1192, 1196 (Ind. Ct. App. 2013), *trans. denied*. We accept as true the well-pleaded material facts in the complaint and base our ruling solely on the pleadings. *Id.* A motion for judgment on the pleadings is to be granted only where it is clear from the face of the complaint that no relief could be granted under any circumstances. *Id.*

# I. Indiana Code Chapter 35-47-11.1

It is the general policy of this state that local governments shall be granted all powers "necessary or desirable in the conduct of [their] affairs." Ind. Code § 36-1-3-4. However, local governments only retain a power "to the extent that the power is not expressly denied by the Indiana Constitution or by statute." I.C. § 36-1-3-5. In 2011, our legislature determined that the public interest would be best served by denying local governments the power to regulate firearms. Indiana Code chapter 35-47-11.1 was passed to effectuate this new policy. It provides that, subject to certain exceptions:

[A] political subdivision may not regulate:

(1)     firearms, ammunition, and firearm accessories;

> (2) the ownership, possession, carrying, transportation, registration, transfer, and storage of firearms, ammunition, and firearm accessories; and
>
> (3) commerce in and taxation of firearms, firearm ammunition, and firearm accessories.

I.C. § 35-47-11.1-2.

[7] The statute also grants individuals a private right of action to enforce its provisions, providing that:

> A person adversely affected by an ordinance, a measure, an enactment, a rule, or a policy adopted or enforced by a political subdivision that violates this chapter may file an action in a court with competent jurisdiction against the political subdivision for
>
> > (1) declarative and injunctive relief; and
> >
> > (2) actual and consequential damages attributable to the violation.

I.C. § 35-47-11.1-5. Prevailing plaintiffs may elect to recover:

> (1) The greater of the following:
>
> > (A) Actual damages, including consequential damages.
> >
> > (B) Liquidated damages of three (3) times the plaintiff's attorney's fees.
>
> (2) Court costs (including fees).
>
> (3) Reasonable attorney's fees.

I.C. § 35-47-11.1-7.

[8] To be "adversely affected" for purposes of the statute, individuals must first be legal residents of the United States who may legally possess firearms in Indiana.

I.C. § 35-47-11.1-6. Individuals then only need to show that they were "subject to the ordinance, measure, enactment, rule, or policy of the political subdivision." *Id.* The statute provides that:

> An individual is or was subject to the ordinance, measure, enactment, rule, or policy of the political subdivision if the individual is or was physically present within the boundaries of the political subdivision for any reason.

*Id.* Thus, were a political subdivision to violate Indiana Code chapter 35-47-11.1, many individuals would be authorized to bring suit.

[9] However, this seemingly broad authorization was limited by this Court's recent holding in *Dykstra*. 985 N.E.2d 1105. In *Dykstra*, this Court held that Indiana Code chapter 35-47-11.1 did not authorize suits merely because a political subdivision had left an ordinance or measure on its books after the statute went into effect. *Id.* at 1108. This Court concluded that "the statute was meant to *prevent the adoption of future ordinances* that may conflict with state law and to *prevent the enforcement of statutes* that were in place at the time Indiana Code section 35-47-11.1-2 was adopted." *Id.* (emphases added). However, the instant case is distinguishable from *Dykstra* in that, here, Evansville actually enforced its ordinance against Magenheimer.

## II. Application of ITCA to Magenheimer's Claim

[10] Evansville contends that by enforcing the ordinance in violation of Indiana Code chapter 35-47-11.1 it committed a tort. Therefore, Evansville argues that Magenheimer's claim is subject to the ITCA. The ITCA, in relevant part,

provides that "a claim against a political subdivision is barred unless notice is filed with . . . (1) the governing body of that political subdivision; and (2) the Indiana political subdivision risk management commission . . . within one hundred eighty (180) days after the loss occurs." I.C. § 34-13-3-8. As Magenheimer did not serve notice in accordance with this provision, Evansville argues that his claim is barred.

[11] When interpreting a statute, our goal is to give effect to the intent of the legislature. *State v. Int'l Bus. Machs. Corp.*, 964 N.E.2d 206, 209 (Ind. 2012). In determining the intent of the legislature, we consider the objects and purposes of the statute as well as the effects and repercussions of our interpretation. *Id.* Consequently, we will analyze Evansville's argument in light of the purposes of both the ITCA and Indiana Code chapter 35-47-11.1.

## A. Waiver

[12] Initially, we observe that when a plaintiff fails to give the required notice under the ITCA, "the defendant has an affirmative defense which *must be raised in a responsive pleading* to the plaintiff's complaint." *Davidson v. Perron*, 716 N.E.2d 29, 34 (Ind. Ct. App. 1999) (emphasis added). Consequently, Evansville has waived the issue of Magenheimer's non-compliance with the ITCA by failing to raise it as an affirmative defense in its answer. Appellant's App. p. 25.

[13] We also note that Magenheimer filed his initial complaint a mere six days after the incident occurred. The ITCA requires plaintiffs to give notice of a claim within one hundred and eighty days of the loss. I.C. § 34-13-3-8. Had

Evansville properly alerted Magenheimer that it believed he was in violation of the ITCA in its responsive pleading, Magenheimer would have had ample time to comply with the ITCA's notice requirement. However, notwithstanding these issues, we will address the merits of Evansville's argument.

## B. Meaning of "Tort" in Context of ITCA

The ITCA applies to a claim or suit in tort. I.C. § 34-13-3-1. Although the ITCA does not define "tort," this Court has recently cited the following definition approvingly:

> A tort is defined as 'a civil wrong, other than a breach of contract, for which a remedy may be obtained, usually in the form of damages; a breach of duty that the law imposes on persons who stand in a particular relation to one another.'

*Hoagland v. Franklin Twp. Cmty. Sch. Corp.*, 10 N.E.3d 1034, 1039 (Ind. Ct. App. 2014), *affirmed in part, vacated in part on other grounds by Hoagland v. Franklin Twp. Cmty. Sch. Corp.*, 27 N.E.3d 737 (Ind. 2015) (quoting Black's Law Dictionary 1526 (8th ed. 2004)).

It is also clear from the terms of the ITCA that it only applies to actions in which the plaintiff claims a "loss." *See* I.C. § 34-13-3-8 (must file notice within one hundred eighty days after *the loss* occurs). The ITCA defines "loss" as "injury to or death of a person or damage to property." I.C. § 34-6-2-75. The ITCA's coverage also extends to claims alleging damage to property rights. *Holtz v. Bd. of Comm'rs of Elkhart Cnty.*, 560 N.E.2d 645, 647-48 (Ind. 1990) (claim for retaliatory discharge subject to the ITCA); *see also City of Indianapolis*

*v. Cox*, 20 N.E.3d 201, 207-08 (Ind. Ct. App. 2014) (ITCA applied to plaintiff's claim that she was owed a refund by the city, crux of claim was that plaintiff's "personal property, money, was unfairly retained by the City"), *trans. denied*. Evansville would have us take this concept even further, contending that the ITCA should govern all claims in which a plaintiff alleges that state authorities have deprived him of any right at all.

[16]    However, we know from this Court's recent decision in *Hoagland* that this cannot be the case. 10 N.E.3d at 1039. In *Hoagland*, a parent sued her child's school corporation alleging that it violated the Education Clause of Article 8, Section 1, of the Indiana Constitution by failing to provide students with free transportation to and from school. *Id.* at 1037. The school corporation maintained that Hoagland's claim should be barred for failure to give notice pursuant to the ITCA. *Id.* at 1038. Finding that the ITCA did not apply to Hoagland's claim, this Court noted:

> Hoagland's claim sounds in Indiana's Education Clause, not tort law, and . . . she may not seek monetary damages. Moreover, this case does not involve the type of loss contemplated by the ITCA . . . .

*Id.* at 1039. Thus, the ITCA only applies to claims in which a plaintiff seeks monetary damages from the State to compensate for a loss. In other words, the ITCA does not apply to *all* claims in which a plaintiff alleges that the State has infringed his rights.

## C. Purpose of Indiana Code Chapter 35-47-11.1

[17] It is evident that Indiana Code chapter 35-47-11.1 does not authorize individuals like Magenheimer to bring suit primarily so that they may seek compensation for a loss. We draw this conclusion from the fact that the statute authorizes suit in situations where no loss has occurred. For instance, had Evansville simply *enacted* an ordinance regulating firearms at some point subsequent to the passage of the statute, Magenheimer would have a claim if he was physically present in Evansville at any point when such ordinance was in effect. *See Dykstra*, 985 N.E.2d at 1108. Such a claim would not seek compensation for a "loss," as defined by the ITCA. I.C. § 34-6-2-75.

[18] Rather, the private right of action in Indiana Code chapter 35-47-11.1 serves a different purpose. Indiana has several statutes with similar provisions, authorizing private citizens to bring suit to "redress wrongs that involve the public interest, and to recover attorney fees if they prevail."[4] *Town of St. John*, 751 N.E.2d at 661. These provisions are meant to "encourage[e] the private prosecution of certain favored actions, by requiring defendants who have violated plaintiffs' rights to compensate plaintiffs for the costs they incurred to enforce those rights." *Florin v. Nationsbank of Georgia*, *N.A.*, 34 F.3d 560, 562-63 (7th Cir. 1994). In recent years, our legislature has seen fit to create, and to

---

[4] For instance, Indiana's housing discrimination statute, like Indiana Code chapter 35-47-11.1, allows a prevailing party to recover "[a]ctual and punitive damages" and "reasonable attorney's fees." Ind. Code § 22-9.5-7-2.

encourage the private prosecution of, several such favored actions relating to firearms.

[19]    Indiana Code chapter 35-47-11.1 is one of several statutes dealing with firearms passed in recent years that create a private right of action and allow individuals to recover certain damages and attorney fees. *See* Ind. Code ch. 34-28-7 (providing that, subject to certain exceptions, an employer may not prohibit an employee from keeping a firearm in a locked vehicle while on employer's property); I.C. ch. 34-28-8 (providing that an employer "may not require an applicant for employment or an employee to disclose information about whether the applicant or employee owns, possesses, uses, or transports a firearm"). Like these other statutes, Indiana Code chapter 35-47-11.1 incentivizes individuals to bring suit by allowing "prevailing plaintiffs" to recover liquidated damages as well as attorney fees. I.C. § 35-47-11.1-7. Although Indiana Code section 35-47-11.1-7 allows plaintiffs to recover actual damages as well, this appears incidental to the provision's primary purpose of incentivizing private individuals to assist in the statute's enforcement.

## D.  Must a Claim be Filed Pursuant to the ITCA Whenever Possible?

[20]    Finally, Evansville argues that, regardless of the statute's purpose, some violations of Indiana Code chapter 35-47-11.1 *could also be torts*, which would nevertheless be subject to the ITCA. Evansville argues that such is the case here. It contends that, while Magenheimer ostensibly brings his claim pursuant to Indiana Code chapter 35-47-11.1, at its core, the claim is predicated upon an

unlawful infringement of his rights by police officers. Evansville maintains that because the underlying facts of Magenheimer's claim *could* form the basis of a tort claim—such as a claim of false arrest[5]—Magenheimer should not be allowed to "plead around the ITCA" by styling his claim as one brought pursuant to Indiana Code chapter 35-47-11.1. Reply Br. p. 5.

[21] In support of its contention that Magenheimer brings a tort claim in disguise, Evansville points to *Holtz*, in which our Supreme Court held that an ex-employee plaintiff's claim for retaliatory discharge sounded in tort, and was therefore subject to the ITCA despite the plaintiff's attempt to frame it as a contract claim. 560 N.E.2d at 646. However, in *Holtz*, Holtz did not have a contract claim because, as an at-will employee, he did not have a contract. *Holtz*, 560 N.E.2d at 647. Therefore, to the extent that Holtz had *any claim at all*, it must have been a claim for retaliatory discharge sounding in tort. *Id.* Such is not the case here, as Magenheimer has a valid, non-tort claim arising under Indiana Code chapter 35-47-11.1.

---

[5] On this point, we observe that Evansville has failed to name the tort that underlies Magenheimer's claim. As previously discussed, Evansville's apparent assertion that any deprivation of rights by state authorities constitutes a tort for ITCA purposes is mistaken in light of this Court's holding in *Hoagland*. 10 N.E.3d at 1039. For the sake of argument, we presume that Evansville argues that Magenheimer should have brought a claim for false arrest, a tort to which the ITCA applies. *See Livingston v. Consol. City of Indianapolis*, 398 N.E.2d 1302, 1303-04 (Ind. Ct. App. 1979).

[22] Furthermore, even if it were possible for Magenheimer to bring his claim in tort, we cannot agree with Evansville's contention that he should be required to do so. As we have long observed, "[i]t is only necessary for a plaintiff to prove so many of the facts alleged by him as amount to or constitute a cause of action." *Long v. Doxey*, 50 Ind. 385, 389 (1875). To adopt Evansville's position would be to require Magenheimer to prove more than he is alleging.[6]

[23] Here, Magenheimer made clear in his complaint that he was bringing his action solely pursuant to Indiana Code chapter 35-47-11.1:

> Plaintiff does not assert any cause of action based on any theory of tort, however named, on behalf of himself or any other person. Plaintiff's sole cause of action is based on City's [] violation of Ind. Code § 35-47-11.1-2 *et seq*.

Appellant's App. p. 20. While Magenheimer may have a cause of action in tort arising out of these same facts, he is required to allege no more than that which, if taken as true, would establish a cause of action under Indiana Code chapter 35-47-11.1.

[24] We agree with the proposition that, when determining whether a claim is governed by the ITCA, we are to look to the claim's underlying substance. *See Cox*, 20 N.E.3d at 207-08. However, Magenheimer's claim is a tort claim

---

[6] For instance, to succeed on a claim brought under Indiana Code chapter 35-47-11.1, Magenheimer could show that he was adversely affected by Evansville's ordinance when Evansville enforced the ordinance against him. *See Dykstra*, 985 N.E.2d at 1108. While Evansville could enforce the ordinance without going so far as to arrest Magenheimer, requiring Magenheimer to bring his claim as one of false arrest would require him to prove additional facts which Indiana Code chapter 35-47-11.1 does not require him to allege.

neither in form nor substance. It is a cause of action brought pursuant to Indiana Code chapter 35-47-11.1 and, as such, it is not governed by the ITCA. Consequently, the trial court did not err by denying Evansville's motion for judgment on the pleadings.

[25] The judgment of the trial court is affirmed and the cause is remanded for further proceedings pursuant to Indiana Code chapter 35-47-11.1.

May, J., and Barteau, S.J., concur.