

ATTORNEYS FOR APPELLANTS

Keith W. Vonderahe
Robert L. Burkart
Ziemer Stayman Weitzel & Shoulders,
LLP
Evansville, Indiana

ATTORNEY FOR APPELLEE

Guy A. Relford
The Law Offices of Guy A.
Relford
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

City of Evansville and The
Evansville Department of Parks
and Recreation,

*Appellants-Defendants,*

v.

Benjamin A. Magenheimer,

*Appellee-Plaintiff.*

June 13, 2017

Court of Appeals Case No.
82A05-1610-PL-2350

Appeal from the Vanderburgh
Circuit Court

The Honorable Carl A. Heldt,
Judge

Trial Court Cause No.
82C01-1109-PL-476

**Najam, Judge.**

## Statement of the Case

[1]     The City of Evansville and the Evansville Department of Parks and Recreation

("the City") bring this interlocutory appeal from the trial court's denial of their

motion for summary judgment on a complaint filed by Benjamin A.

Magenheimer. This is the City's second interlocutory appeal in this matter. *See City of Evansville v. Magenheimer*, 37 N.E.3d 965 (Ind. Ct. App. 2015), *trans. denied* ("*Magenheimer I*"). In the instant appeal, the City contends that there is no genuine issue of material fact that would support a private right of action under the Indiana firearm preemption statutes, Indiana Code Chapter 35-47-11.1. But we believe the dispositive issue is whether the law of the case doctrine precludes our review of the City's arguments in this appeal. We hold that it does, and, as such, we affirm the trial court's denial of summary judgment.

## Facts and Procedural History

The facts relevant to this appeal were stated by this court in *Magenheimer I*:

> On September 10, 2011, Magenheimer visited the Mesker Park Zoo and Botanical Garden, a city park, with his wife and son. While at the park, Magenheimer was openly carrying a firearm. Magenheimer was licensed to carry this firearm and had a copy of the license in his possession. At the time, the Evansville municipal code contained a provision prohibiting firearms in city parks. An employee of the park spotted Magenheimer carrying the firearm and called the police. The police arrived and ordered Magenheimer to leave the park.
>
> Magenheimer filed an initial complaint on September 16, 2011, and an amended complaint a few days later. Magenheimer's complaint alleged that Evansville had violated Indiana Code chapter 35-47-11.1, which generally bars political subdivisions from regulating firearms. Magenheimer filed his complaint pursuant to a provision that gives individuals a private right of action to enforce the statute. Magenheimer's request for relief tracked the language of the statute, which allows successful

plaintiffs to recover either actual and consequential damages or liquidated damages of treble attorney fees.

*Id.* at 966-67. The City sought a judgment on the pleadings of Magenheimer's complaint, which the trial court denied.

[3] On interlocutory appeal in *Magenheimer I*, we discussed the law and facts underlying Magenheimer's complaint as follows:

## I. Indiana Code Chapter 35-47-11.1

It is the general policy of this state that local governments shall be granted all powers "necessary or desirable in the conduct of [their] affairs." Ind. Code § 36-1-3-4. However, local governments only retain a power "to the extent that the power is not expressly denied by the Indiana Constitution or by statute." I.C. § 36-1-3-5. In 2011, our legislature determined that the public interest would be best served by denying local governments the power to regulate firearms. Indiana Code chapter 35-47-11.1 was passed to effectuate this new policy. It provides that, subject to certain exceptions:

[A] political subdivision may not regulate:

(1) firearms, ammunition, and firearm accessories;

(2) the ownership, possession, carrying, transportation, registration, transfer, and storage of firearms, ammunition, and firearm accessories; and

> (3) commerce in and taxation of firearms, firearm ammunition, and firearm accessories.

I.C. § 35-47-11.1-2.

The statute also grants individuals a private right of action to enforce its provisions, providing that:

> A person adversely affected by an ordinance, a measure, an enactment, a rule, or a policy adopted or enforced by a political subdivision that violates this chapter may file an action in a court with competent jurisdiction against the political subdivision for
>
> > (1) declarative and injunctive relief; and
> >
> > (2) actual and consequential damages attributable to the violation.

I.C. § 35-47-11.1-5. Prevailing plaintiffs may elect to recover:

> (1) The greater of the following:
>
> > (A) Actual damages, including consequential damages.
> >
> > (B) Liquidated damages of three (3) times the plaintiff's attorney's fees.
>
> (2) Court costs (including fees).

(3) Reasonable attorney's fees.

I.C. § 35-47-11.1-7.

To be "adversely affected" for purposes of the statute, individuals must first be legal residents of the United States who may legally possess firearms in Indiana. I.C. § 35-47-11.1-6. Individuals then only need to show that they were "subject to the ordinance, measure, enactment, rule, or policy of the political subdivision." *Id.* The statute provides that:

> An individual is or was subject to the ordinance, measure, enactment, rule, or policy of the political subdivision if the individual is or was physically present within the boundaries of the political subdivision for any reason.

*Id.* Thus, were a political subdivision to violate Indiana Code chapter 35-47-11.1, many individuals would be authorized to bring suit.

However, this seemingly broad authorization was limited by this Court's recent holding in *Dykstra[ v. City of Hammond*, 985 N.E.2d 1105 (Ind. Ct. App. 2013), *trans. denied*]. In *Dykstra*, this Court held that Indiana Code chapter 35-47-11.1 did not authorize suits merely because a political subdivision had left an ordinance or measure on its books after the statute went into effect. *Id.* at 1108. This Court concluded that "the statute was meant to *prevent the adoption of future ordinances* that may conflict with state law and to *prevent the enforcement of statutes* that were in place at the time Indiana Code section 35-47-11.1-2 was adopted." *Id.* (emphases added). *However, the instant case is distinguishable from* Dykstra *in that, here, Evansville actually enforced its ordinance against Magenheimer.*

*Id.* at 967-68 (last emphasis added). Following our analysis of Indiana Code Chapter 35-47-11.1 (hereinafter, "the Act") on these facts, we also assessed whether the Indiana Tort Claims Act barred Magenheimer's claim. *Id.* at 968-71. After concluding that neither the Act nor the Indiana Tort Claims Act prohibited Magenheimer's cause of action, we affirmed the trial court's judgment and "remanded for further proceedings pursuant to Indiana Code chapter 35-47-11.1." *Id.* at 971.

[4] The City filed a petition to transfer from this court's opinion in *Magenheimer I*. In its transfer petition, the City argued, among other things, each of the following:

- "A statutory condition precedent to a claim under the [Act] is the existence of . . . some affirmative act of a municipal policymaker to regulate firearms . . . ."
- "A void firearm regulation does not violate the [Act]," relying on this court's opinion in *Dykstra*.
- "[Magenheimer] admits that the City had no firearm regulation in effect."
- "the Mayor, City Council, Police Chief" nor "any other City policymaker sought to regulate firearms after July 1, 2011, or . . . ordered the Void Ordinance to be enforced after July 1, 2011."
- "the Officers' alleged actions at the zoo . . . cannot, as a matter of law, establish City policy much less constitute . . . enforcement of a City firearm regulation that violated the [Act]."
- This court's opinion in *Magenheimer I* was contrary to public policy.

*Magenheimer I*, Pet. to Transfer at 3-7. The Indiana Supreme Court unanimously denied the City's petition to transfer.

On remand in the trial court, the City moved for summary judgment on the grounds that Magenheimer's claim was precluded by this court's interpretation of the Act in *Dykstra*, a contention that this court had rejected in *Magenheimer I*. Among the evidence designated to the trial court on the City's motion was the deposition testimony of Magenheimer. In that testimony, Magenheimer stated that Evansville Police Department officers "kick[ed him] out of the zoo" and told him that they were doing so "[b]ecause [he] shouldn't have a handgun like that here." Appellee's App. Vol. 2 at 10. The trial court denied the City's motion for summary judgment but certified its order for interlocutory appeal, which we accepted. This second interlocutory appeal ensued.

## Discussion and Decision

The City appeals the trial court's denial of its motion for summary judgment. We review the trial court's grant or denial of a motion for summary judgment *de novo*, and the party that moved for summary judgment faces a "high bar." *Hughley v. State*, 15 N.E.3d 1000, 1004 (Ind. 2014). We construe the designated evidence in the manner most favorable to the summary judgment nonmovant. *Id.* at 1003-04. Further, "we will affirm the trial court's ruling based on any theory supported by the record evidence." *Markey v. Estate of Markey*, 38 N.E.3d 1003, 1006-07 (Ind. 2015).

On appeal, the City argues that it is entitled to summary judgment for the following reasons:

- the City "did not authorize or seek enforcement of the voided Firearm Ordinance and no City firearm regulation that violated the Act existed on or after July 1, 2011."
- "the Act does not impose liability for an employee's alleged mistaken enforcement of a voided ordinance where municipal policymakers comply with the Act."
- the Act does not apply to "regulations voided by the Act which the political subdivision does not seek to enforce as its policy," as held by this court in *Dykstra*.
- an officer's "action relative to firearms cannot support a claim under the Act unless it involves the municipality's affirmative action to unlawfully regulate firearms . . . ."
- the City complied with the Act and the intent underlying the Act, and Magenheimer's claim results in "an absurdity and injustice."

Appellants' Br. at 16-24.

[8] We conclude that the City's arguments in the instant appeal are precluded by the law of the case doctrine. Under the law of the case doctrine, an appellate court's prior determination of a legal issue "binds both the trial court and the court on appeal in any subsequent appeal involving the same case and relevantly similar facts." *Anderson v. Gaudin*, 42 N.E.3d 82, 87 n.5 (Ind. 2015) (quotation marks omitted). "A court may revisit prior decisions of its own or of a coordinate court in any circumstances, although as a rule courts should be loath[] to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Id.* (quotation marks omitted).

[9] This court squarely addressed the applicability of the Act to the facts pleaded by Magenheimer in *Magenheimer I*. Again, we expressly held that the Act applied

to the facts as pleaded. *Magenheimer I*, 37 N.E.3d at 967-68. Indeed, the City sought transfer from our prior opinion and presented arguments in its petition to transfer that are virtually identical to the arguments it now presents in this second interlocutory appeal. Further, during the summary judgment proceedings on remand, the designated evidence most favorable to Magenheimer, the summary judgment nonmovant, did not present a different picture of the facts than those that were pleaded. Rather, Magenheimer's deposition testimony supports the facts he pleaded and, as such, places the summary judgment proceedings in the same factual context as the pleadings. Thus, there is no material difference between the City's argument in the instant appeal from the denial of its motion for summary judgment and its argument, which we rejected in the prior appeal, from the denial of its motion for judgment on the pleadings. We decline the City's invitation to revisit the issue and reconsider its arguments.

[10]     We also note that the City made no mention of *Magenheimer I* in its lead brief to this court[1] despite that opinion's conspicuous treatment of the arguments raised by the City in the instant appeal. Indeed, the trial court cited *Magenheimer I* in its entry denying the City's motion for summary judgment. Attorneys have an affirmative obligation to bring relevant authority to this court's attention, even if that authority is adverse to the attorney's client. *See* Ind. Professional Conduct Rule 3.3(a)(2). *Magenheimer I* clearly satisfies that test. And, since the

---

[1] The City mentions *Magenheimer I* in its reply brief to criticize Magenheimer for relying on the facts stated in that opinion and to reference a policy statement underlying the Act. Reply Br. at 5, 11.

City makes no mention of *Magenheimer I* in its lead brief, it makes no argument that "extraordinary circumstances" exist that would justify deviating from our usual rule that a prior opinion from this court on the same issue is entitled to preclusive effect. *See* Ind. Appellate Rule 46(A)(8)(a); *Anderson*, 42 N.E.3d at 87 n.5.

[11] In sum, the City's arguments in this second interlocutory appeal were considered and rejected in *Magenheimer I*. That opinion is entitled to preclusive effect, and the City makes no argument to the contrary in the instant appeal. We will affirm the trial court on any legal theory supported by the record, and, thus, we affirm the court's judgment under the law of the case doctrine.

[12] Affirmed.

Mathias, J., and Altice, J., concur.