

IN THE

# Court of Appeals of Indiana

Eric J. Mapes,

*Appellant-Petitioner*

v.

Carroll County and Carroll County Treasurer,

*Appellees-Respondents*



FILED

Dec 18 2025, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

December 18, 2025

Court of Appeals Case No.
25A-CC-660

Appeal from the Tippecanoe Superior Court

The Honorable Michael A. Morrissey, Special Judge

Trial Court Cause Nos.
79D06-2501-CC-275
08D01-2408-CC-206

---

**Opinion by Judge Vaidik**
Judges Tavitas and Felix concur.

**Vaidik, Judge.**

# Case Summary

[1] Eric J. Mapes brought a complaint against Carroll County and the Carroll County Treasurer alleging illegal garnishment of his federal disability income. The trial court dismissed the complaint for failure to provide a tort-claim notice, and Mapes now appeals that dismissal. We affirm. Additionally, due to Mapes's persistent pattern of abusive litigation practices—including disregarding warnings from this Court and our Supreme Court that continuing such practices could result in filing restrictions—we remand to the trial court with instructions to impose any conditions or restrictions on Mapes's filings it deems appropriate to prevent future abusive litigation.

# Facts and Procedural History

### Background

[2] Mapes has a history of repetitive litigation, excessive filings, and harassment of court staff. This history began in 2017, when Mapes moved to Indiana and attempted to "appeal" his placement on the Indiana sex-offender registry due to a conviction in Texas. *See* Cause No. 49A02-1706-MI-1465. From 2020 to 2021, Mapes filed five different cases challenging his sex-offender registration requirements. *See* Cause Nos. 49G08-2002-PC-8402; 49D34-2102-PC-4134

(petition denied because Mapes was attempting to challenge his Texas conviction); 49D34-2108-PC-25009; 49D34-2108-PC-25288 (case closed because Mapes was seeking the same relief that was denied in PC-4134 (which was affirmed on appeal in Case No. 21A-PC-250)); 08C01-2112-MI-27 (case barred by res judicata because issue was already decided in Case No. 21A-PC-250). In the Carroll County case, the trial court admonished Mapes for his "disruptive" calls to the court and ordered him "to stop calling the court to ask about this matter." Order, Cause No. 08C01-2112-MI-27 (Apr. 5, 2022). After Mapes's challenges were rejected, he tried to sue one of the trial judges who denied him relief. *See* Cause No. 49D05-2108-MI-43075. While that case was pending, Mapes repeatedly contacted the court and was "verbally abusive to Court staff." *See id.* (Sept. 12, 2022 CCS entry).

[3] Mapes has also exhibited abusive conduct at the appellate level. From 2017 to 2022, Mapes brought eleven appeals in either this Court or the Indiana Supreme Court. Mapes's cases "consistently involved procedural or substantive deficiencies." *Mapes v. State*, 201 N.E.3d 1168, 1169 (Ind. 2023). Only one appeal resulted in a decision on the merits; the rest were dismissed. Further, the numerous filings within each appeal were "repetitive, immaterial, or otherwise abusive of the judicial process" and often involved "additional merits arguments under the guise of motions practice." *Id.* And Mapes "for several years engaged in a pattern of repeated, lengthy phone calls" to the Appellate Clerk's Office "with questions that Clerk staff cannot answer, or simply venting about his cases." *Id.* at 1170.

In 2023, our Supreme Court admonished Mapes for "his pattern of misuse of motions practice, and his misuse of Clerk's Office resources and abuse towards its personnel." *Id.* at 1168. Although it declined to impose filing restrictions at that time, the Court warned Mapes that continuing his abusive practices would "likely result in the Court restricting his filings and his communications with Clerk personnel." *Id.* But Mapes flouted this warning and has since filed seven more appeals, all of which have been dismissed except this appeal. Additionally, about a week after the Supreme Court issued its order, Mapes filed a complaint against Chief Justice Rush in the U.S. District Court for the Northern District of Indiana, alleging that she "used forms of intimidation and threats of illegal sanctions all because [he] continues to exercise his Constitutional Disability rights." *Mapes v. Rush*, No. 4:23-CV-17, 2023 WL 2264659, at *2 (N.D. Ind. Feb. 27, 2023). Mapes requested "monetary, punitive and injunctive relief," including "a permanent injunction against Rush and to overturn all of the orders she has made." *Id.* The District Court dismissed the complaint, finding that Mapes's claims were frivolous.

**Trial Court Proceedings**

In August 2024, Mapes, pro se, brought a complaint against Carroll County and the Carroll County Treasurer (collectively, "the County") alleging that the County was illegally garnishing his federal disability income by levying taxes on his property. Mapes sought damages and reimbursement of the "illegally garnished" funds. Appellees' App. Vol. 2 p. 22. The County was served with a copy of the complaint, but Mapes admittedly did not tender a summons to the

clerk when he filed his complaint, *see* Appellant's Br. p. 16, so the County was never served a summons. Mapes initially filed the action in the Carroll Superior Court, but because the County was a party, a special judge was appointed, and the case was later transferred to the Tippecanoe Superior Court.

[6] From August 2024 to February 2025, before the County took any action in the case, Mapes filed approximately 28 documents in the trial court. *See* Appellees' App. Vol. 2 pp. 3-8. He characterized some of the filings as motions while labeling others as "Declarations[s]" or "Notice[s] to [the] Court." *Id.* at 4. These filings included an "Affidavit of Retaliation," a "Notice of Court and Court Employees Unlawful Practice of Medicine, Discrimination and Disability," and a request for records of the oaths of office of the special judge and Carroll County Clerk's Office employees. *Id.* at 5-6 (capitalization omitted). Just one week after the special judge assumed jurisdiction, Mapes moved for recusal, alleging that the special judge was biased and prejudiced against him. *See* Motion to Recuse, Cause No. 08D01-2408-CC-206 (Jan. 29, 2025). In its order denying that motion, the trial court noted that Mapes "has engaged in a pattern of making numerous telephone calls to the Tippecanoe Superior Court No. 6 Staff and Clerks where he has proven to be an abusive litigant with long and rambling claims of misconduct." Order, Cause No. 08D01-2408-CC-206 (Feb. 6, 2025). Mapes tried to appeal that order, but we dismissed the appeal because the order wasn't a final judgment or eligible for an interlocutory appeal. *See* *Mapes v. Carroll Cnty. Treasurer*, No. 25A-CC-295.

Mapes also moved for default judgment. The County moved to dismiss Mapes's claim for insufficient service of process due to Mapes's failure to serve a summons. In the alternative, the County argued that Mapes's claim should be dismissed with prejudice because he didn't serve a tort-claim notice as required by the Indiana Tort Claims Act (ITCA). After the County filed its motion, Mapes filed twelve more documents in the trial court in less than two weeks.

Finding that service on the County hadn't been perfected due to Mapes's failure to serve a summons, the trial court denied Mapes's motion for default judgment. The court then dismissed Mapes's complaint with prejudice on the ground that Mapes failed to provide the County with a tort-claim notice as required by the ITCA.

## Appeal and Subsequent Actions

Mapes, still pro se, brought this appeal in March 2025. A week later, he sued the Carroll County Superior Court and the Carroll County Clerk's Office, alleging, among other things, violations of his rights under the Americans with Disabilities Act (ADA) and that "the Court corruptly influenced the due administration of justice." *Mapes v. Carroll Cnty. Superior Ct.*, No. 4:25-CV-26, 2025 WL 3012755, at *1 (N.D. Ind. Oct. 27, 2025). The District Court dismissed Mapes's complaint with prejudice for failure to state a claim.[1]

---

[1] In its order dismissing Mapes's complaint, the District Court took judicial notice of our Supreme Court's order in *Mapes v. State* and noted the "numerous cases" Mapes has filed in the Northern District of Indiana. *Mapes v. Carroll Cnty. Superior Ct.*, 2025 WL 3012755, at *3 n.2.

What ensued after Mapes initiated this appeal was detailed in our Court's July 17, 2025 order:

> In the span of four months, Appellant has filed nearly fifty (50) separate documents, many accompanied by attachments. On July 11, 2025, the Court issued an order noting that Appellant's filings have been excessive, repetitive, and a drain on Court resources. The Court warned Appellant that continued excessive and repetitive filings may result in the imposition of filing restrictions.
>
> Appellant, again, did not heed the Court's warning and proceeded to unleash a flood of filings. Some of the filings appear to predate the Court's July 11 order. . . . But since the Court issued its order on July 11, Appellant has tendered or filed ten documents including . . . [a] Motion to Recuse Judge Elizabeth F. Tavitas and Associated Panel Members . . . and Motion to Vacate July 14, 2025 Order as Void Due to Judicial Disqualification, Retaliation, and Structural Rights Violations . . . . Like his filings earlier in this case, Appellant's filings since the Court issued its July 11 order are excessive, repetitive, and a drain on judicial resources.
>
> Additionally, the Clerk of the Court confirms that the abusive interactions between Appellant and personnel in the Clerk's Office noted by our Supreme Court in 2023 continue to this day.

Order, *Mapes v. Carroll Cnty.*, 266 N.E.3d 283, 285 (Ind. Ct. App. July 17, 2025). Finding Mapes to be "a prolific, abusive litigant whose numerous filings have been a drain on judicial resources," we prohibited further filings by Mapes in this case (other than a petition for rehearing or petition to transfer) and ordered

that he may only communicate with the Clerk's Office in writing. *Id.* We also imposed the following screening mechanisms for any future appeals by Mapes:

> a. Any Notice of Appeal filed by Appellant must fully comply with the content requirements of Appellate Rule 9(F) and Form #App.R. 9-1. If it does not, then the Clerk is directed to return the Notice of Appeal to Appellant without it being docketed.

> b. At the time Appellant tenders a Notice of Appeal, Appellant must either pay the appellate filing fee as required by Appellate Rule 9(E) or comply with Appellate Rule 40 by showing that he has been granted permission by the trial court to proceed on appeal in forma pauperis. If Appellant does not pay the appellate filing fee or comply with Appellate Rule 40, then the Clerk is directed to return the Notice of Appeal to Appellant without it being docketed.

> c. Any documents/motions tendered by Appellant in a case after the Notice of Appeal has been filed must fully comply with the Rules of Appellate Procedure. If the tendered document/motion does not fully comply with the Rules of Appellate Procedure, then the Clerk is directed to return the noncompliant document/motion to Appellant without it being docketed.

*Id.* at 286.

In September, Mapes brought a complaint against this Court and the Appellate Clerk in federal court, contending that the restrictions we imposed violate his federal and state constitutional rights and several federal statutes, including the

ADA.[2] *See Mapes v. Ind. Ct. of Appeals*, 2:25-CV-404 (N.D. Ind. Oct. 10, 2025). The District Court concluded that Mapes was essentially asking it to alter our July 17 decision, which it doesn't have jurisdiction to review, and dismissed the case. *Id.*

## Discussion and Decision

### I. The trial court did not err in dismissing Mapes's complaint

[12] Mapes contends the trial court erred in dismissing his complaint. The court dismissed the complaint for failure to provide the County with a tort-claim notice as required by the ITCA. *See* Appellant's App. Vol. 2 p. 2. Under the ITCA, a claim against a political subdivision is barred unless the plaintiff provides notice of the claim within 180 days after the alleged loss occurs. Ind. Code § 34-13-3-8. A plaintiff's failure to comply with the ITCA's notice provisions entitles the government entity to a dismissal. *Stone v. Wright*, 133 N.E.3d 210, 217 (Ind. Ct. App. 2019).

[13] Mapes acknowledged in the trial court that he didn't provide a tort-claim notice to the County. In his "Notice To The Court Urging Affirmance" (seemingly filed in response to the County's motion to dismiss), Mapes stated that "there is no need to prove compliance with I.C. 34-13-3-1 since [he] did not file a Tort Claim, he filed a Civil lawsuit as affirmed by the Plaintiff's Civil Complaint."

---

[2] This is not the first time Mapes has tried to sue this Court, and he has been advised that he cannot do so. *See Mapes v. Ind. Ct. of Appeals*, No. 1:17-CV-2591, 2017 WL 4570552, at *1 (S.D. Ind. Aug. 4, 2017) ("[T]he Indiana Court of Appeals is not a 'person' under section 1983 and is not a suable entity.").

Appellant's App. Vol. 2 p. 2. On appeal, he maintains that he wasn't required to provide a tort-claim notice because his claim is not based in tort. "[W]hen determining whether a claim is governed by the ITCA, we . . . look to the claim's underlying substance." *City of Evansville v. Magenheimer*, 37 N.E.3d 965, 971 (Ind. Ct. App. 2015), *reh'g denied*, *trans. denied*. The ITCA applies to claims where the plaintiff seeks monetary damages from the government to compensate for a loss. *Id.* at 969. While the ITCA does not provide a statutory definition of "tort," "loss" for purposes of the ITCA is defined as an "injury to or death of a person or damage to property." I.C. § 34-6-2.1-117. We have held that "[t]he ITCA's coverage also extends to claims alleging damage to property rights," *Magenheimer*, 37 N.E.3d at 969, including loss of property, *see Chariton v. City of Hammond*, 146 N.E.3d 927, 934 (Ind. Ct. App. 2020), *trans. denied*; *City of Indianapolis v. Cox*, 20 N.E.3d 201, 207 (Ind. Ct. App. 2014), *trans. denied*.

[14] Here, the underlying substance of Mapes's claim is a loss of property, for which he sought compensation—he alleged that the County illegally garnished his federal disability income by levying property taxes, and he sought damages and reimbursement of the "illegally garnished" funds. Regardless of how Mapes characterizes his action, his claim is based in tort and is therefore governed by the ITCA. *See Chariton*, 146 N.E.3d at 933-34 ("[I]n essence, [Chariton] seeks an award of damages in the amount of fees and fines collected by the allegedly illegal enforcement of the Ordinance. . . . Chariton is claiming a loss of property, and therefore his claims sound in tort."); *Irwin Mortg. Corp. v. Marion Cnty. Treasurer*, 816 N.E.2d 439, 446 (Ind. Ct. App. 2004) ("Regardless of how

Irwin deigns to describe its claims, its assertion that Marion County committed a legal wrong causing harm to Irwin's property when it extracted an allegedly illegal property tax payment sounds in tort."). Because Mapes undisputedly failed to provide the County with a tort-claim notice, the trial court did not err in dismissing his complaint.

## II. Mapes's persistent abuse of the judicial process and disregard for prior warnings warrant filing restrictions at the trial-court level

[15] Given Mapes's history of excessive litigation and abuse of the judicial process, the County asks us to remand for the trial court to impose filing restrictions at the trial level. As we found in our July 17 order, Mapes is "a prolific, abusive litigant whose numerous filings have been a drain on judicial resources." His abuse includes bringing frivolous claims and raising the same issue in multiple cases, even after the issue has already been decided adversely to him. When an adverse decision or order is issued, Mapes often sues the judge or court who issued it. (Or, as in this case, requests recusal or judicial disqualification of the judge who signed the order.) In each of his cases, Mapes submits a plethora of filings that are "repetitive, immaterial, or otherwise abusive of the judicial process" and often include impermissible attempts to make additional arguments on the merits under the guise of motions practice. And for years, Mapes has been abusive in his interactions with Clerk's Office staff. Remarkably, all of this has occurred despite explicit warnings to Mapes from

our Supreme Court and this Court that continuing such conduct could result in restrictions on his filings and communications with Clerk staff.

[16] Mapes's "right of access to the courts is not a license to engage in such conduct with impunity." *Mapes*, 201 N.E.3d at 1170. "There is no right to engage in abusive litigation, and the state has a legitimate interest in the preservation of valuable judicial and administrative resources." *Zavodnik v. Harper*, 17 N.E.3d 259, 264 (Ind. 2014). Accordingly, "[t]he courts of this state, after due consideration of an abusive litigant's entire history, may fashion and impose reasonable conditions and restrictions . . . on the litigant's ability to commence or continue actions in this state that are tailored to the litigant's particular abusive practices." *Id.* at 266.

[17] While we already imposed conditions on any future appeals by Mapes, we agree with the County that restrictions at the trial-court level are also warranted to prevent further abusive litigation. We therefore remand to the trial court with instructions to consider the specific abusive conduct by Mapes and impose any conditions or restrictions it deems appropriate to thwart such conduct. *See Holland v. Trs. of Ind. Univ.*, 171 N.E.3d 684, 690 (Ind. Ct. App. 2021) ("We . . . remand to the trial court to determine, after due consideration of Holland's history of abuse, which of the restrictions authorized by our Supreme Court in *Zavodnik* . . . should be imposed against Holland."), *reh'g denied*, *trans. denied*; *see also Holland v. Ind. Univ.*, 254 N.E.3d 1110, 1114 (Ind. Ct. App. 2025) (upholding filing restrictions imposed by trial court on remand), *trans. denied*.

We recognize that while remand is to the Tippecanoe Superior Court given the change of venue, the Carroll County court system is likely more in need of restrictions on Mapes's filings—Mapes lives in Carroll County and has filed most of his state-court litigation there. Under *Zavodnik*, the Carroll County courts (and any other trial courts in the state) have the authority to impose reasonable restrictions on an abusive litigant. *See* 17 N.E.3d at 265-66 (sampling cases where appellate courts affirmed sanctions and restrictions placed on abusive litigants by trial courts).[3] We therefore advise the Carroll County courts that they may also implement any conditions or restrictions they deem necessary given Mapes's history of abusive litigation.

Affirmed and remanded.

Tavitas, J., and Felix, J., concur.

APPELLANT PRO SE

Eric Mapes
Delphi, Indiana

ATTORNEY FOR APPELLEES

Mark J. Crandley
Barnes & Thornburg LLP
Indianapolis, Indiana

---

[3] We note that our Supreme Court is currently considering a proposed new trial rule, Trial Rule 11.2, which would lay out the *Zavodnik* language in one convenient place.